No. 27,328.

BENJAMIN PALMER, *Appellant,* v. CARL W. FINCKE, as Clerk of the District Court of Wyandotte County, *Appellee.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT — *Nature and Scope of Remedy.* The workmen's compensation act is a system complete in itself, is to be liberally interpreted and flexibly applied to accomplish its peculiar purpose. (Following *Roper v. Hammer,* 106 Kan. 374, 187 Pac. 858.)

2. SAME—*Conclusiveness of Arbitrator's Decision.* And further, the decision of an arbitrator thereunder upon issues properly before him is final except for the limited review provided by the statute. (Following *Kinzer v. Gas Co.,* 110 Kan. 574, 204 Pac. 999. Also, 114 Kan. 440, 219 Pac. 278.)

3. SAME—*Conclusiveness of Arbitrator's Decision—Execution to Enforce.* And further, being final, having the essential attributes of a judgment, the decision of an arbitrator duly filed is an enforcible finality which may be put into effect by process of execution.

4. SAME — *Award of Arbitrator — Execution to Compel Compliance With Award.* Where an employee, working under the provisions of the workmen's compensation act and while engaged in the line of his employment sustained personal injuries by accident, filed application in due time for the appointment of an arbitrator, where the application was docketed, other preliminaries had, and an arbitrator appointed who, after full and complete hearing, filed an award in the office of the clerk of the district court and where the employer ignored the award and refused to pay the amount due thereunder, the employee was entitled to an execution to compel compliance with the terms of the award.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed February 12, 1927. Reversed.

*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellant.

The opinion of the court was delivered by

HOPKINS, J.:   This controversy involves the question whether execution may issue on an arbitrator's award in a workmen's compensation case.   It is   presented in a proceeding in mandamus to compel the clerk of the district court to issue an execution on the award of an arbitrator filed in the office of the clerk of the district court.   The writ was refused, and plaintiff appeals.

The facts are substantially these:

Plaintiff was employed by the Jennings Quarry and Crusher Com-

Workmen's Compensation Acts, C. J. pp. 40 n. 95, 110 n. 22, 130 n. 45; 28 R. C. L. 714; L. R. A. 1916A, 188.

pany. While so engaged he sustained personal injuries by accident and in due time filed an application in the district court for the appointment of an arbitrator. The application was docketed, cost bond filed and other preliminaries had similar to the beginning of an action. The application alleged inability to agree upon an arbitrator and requested appointment of one to determine the character and quality of plaintiff's disability, the amount of compensation and the period for which it should continue. An arbitrator was appointed, and after full and complete hearing, filed an award in the office of the clerk of the district court. The employer ignored the award, under which several hundred dollars was due. Efforts to get the employer to pay being unavailing, plaintiff filed præcipe, requesting the clerk to issue execution for the amount due. The clerk refused on the theory that he was not so authorized by statute. The present proceeding was then instituted to compel issuance of the execution.

Consideration of various provisions of the workmen's compensation act is necessary. (Italics ours.) Section 44-501 of the Revised Statutes provides:

"If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his employer shall, subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with this act." . . .

From which it appears the legislature contemplated payment, and not merely the creation of causes of action. Another section provides:

"That this act shall apply only to employment in the course of the employer's trade or business on, in or about, . . . . each of which employments are hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risk to the life and limb of the workmen engaged therein are inherent, necessary or substantially unavoidable, and as to each of which employment, it is deemed necessary to establish a *new system* of compensation for injuries to workmen." . . . (R. S. 44-505.)

From which it appears the workmen's compensation act is a *new system* added to the already existing methods of obtaining relief and should be construed as amendatory to, and cumulative of the ordinary rules of procedure in civil actions. Another section relating to computation of earnings reads:

"(e) If arbitration or litigation is necessary to establish the amount of com-

Palmer v. Fincke.

pensation, credit shall be given to the employer by the arbitrator, arbitration committee or court for any amounts paid under this act prior to the date of the award or prior to the trial and judgment." (R. S. 44-511.)

From which it appears that arbitration and litigation are coördinate means employed to accomplish the same result—ascertain amount of compensation. Section 44-522 deals with arbitration and award. Another section dealing with the award reads:

"The committee or arbitrator shall not be bound by technical rules of procedure or evidence but shall give the parties reasonable opportunity to be heard and to present evidence, and shall act reasonably and without partiality, and shall make and file an award, with the consent to arbitration or the order of the court appointing the arbitrator attached, in the office of the clerk of the proper district court within sixty days after the committee meets to consider the claim or after the selection of the arbitrator, and shall give notice of such filing to the parties by mail. The parties may agree in writing to extend the time for filing the award, and if so, the award shall be filed within such extended time as is so agreed upon. If any committee or arbitrator to whom a claim for compensation shall have been submitted shall fail or neglect to file its or his award within the time fixed by this section, the court shall, upon the application of either party, order such committee or arbitrator to file such award within such time as the court shall by such order fix, which time shall in no case be greater than ten days from the date of such order." (R. S. 44-523.)

Various sections of the act set out the procedure in compensation cases: 44-524 has to do with fees of the arbitrator; 44-525 with form of the award; 44-526 prescribes the provisions for modification of the award; 44-527 deals with the final receipt for compensation and records by the court; 44-528 pertains to review of the award; 44-529 with judgment on the award; 44-531 contains provisions applicable when there is a lump sum payment of the award.

The question presented is whether plaintiff was entitled to an execution as in the case of an ordinary judgment. "A judgment is the final determination of the rights of the parties in an action." (R. S. 60-3101.) "Every direction of a court or judge made or entered in writing and not included in a judgment is an order." (R. S. 60-3103.) "Executions shall be deemed process of the court and shall be issued by the clerk and directed to the sheriff of the county. They may be directed to different counties at the same time." (R. S. 60-3401.)

"Executions are of four kinds: First, against the property of the judgment debtor; second, against his person; third, for the delivery of the possession of real or personal property, with damages for withholding the same, and costs; fourth, executions in special cases." (R. S. 60-3402.)

"Lands, tenements, goods and chattels, not exempt by law, shall be subject to the payment of debts, and shall be liable to be taken on execution and sold, as hereinafter provided." (R. S. 60-3403.)

"The writ of execution against the property of the judgment debtor, issuing from any court of record in this state, shall command the officer to whom it is directed, that of the goods and chattels of the debtor he cause to be made the money specified in the writ; and for want of goods and chattels, he cause the same to be made of the lands and tenements of the debtor; and the amount of the debt, damages and costs, for which the judgment is entered, shall be indorsed on the execution." (R. S. 60-3406.)

"*In special cases* not hereinbefore provided for the execution shall conform to the judgment or *order of the court.* When a judgment for any specified amount, and also for the sale of specific real or personal property, shall have been rendered, and .an amount sufficient to satisfy the amount of the debt or damages and costs be not made from the sale of property specified, an execution may issue for the balance as in other cases." (R. S. 60-3469.)

It has been held that:

"The remedy by arbitration provided by the workmen's compensation act is distinct from the arbitration provided for by the general arbitration statute, *is complete in itself, and is to be liberally interpreted and flexibly applied, to accomplish its peculiar purpose. (Roper v. Hammer,* 106 Kan. 374, syl., 187 Pac., 858.)

In the opinion in the Roper case it was said:

"In the Goodwin case, the question was whether or not omission of the workman to apply for appointment of an arbitrator barred resort to the remedy by action. The opinion carefully limited the discussion to that particular question. It seems, however, that the following paragraph of the opinion has been interpreted to indicate that arbitration may be defeated by the wrongful conduct of the employer in refusing to consent to arbitration:

" 'The establishment committee having been set aside, and no agreement on an arbitrator having been reached, the workman must perfect the machinery of arbitration by applying for appointment of an arbitrator, or he will be precluded from enforcing compensation by action. If, however, at any stage of the proceedings, the employer definitely refuse to consent to arbitration, the workman who, in default of agreement on compensation, has consented to arbitration, need not go further with arbitration. *The statute does not require him to do futile things.* He cannot be at fault for not procuring appointment of an arbitrator when such appointment would be useless on account of the declared attitude of the employer.' (*Goodwin v. Packing Co.,* 104 Kan. 747, 750, 180 Pac. 809.) The futility and uselessness spoken of referred, of course, to the needlessness on the workman's part, in order to avoid fault, of striving to utilize provisions of the statute by which the employer has refused to be bound at all. In the Goodwin case the numerous varieties of conduct which may be displayed by employer and workman in the settlement of compensation were noted. In some regrettable instances the em-

ployer, or the insurance carrier who takes charge of his case, plays the part of the dog in the manger. While consent to arbitration is not definitely refused, it is not definitely given, by promptly signing an agreement, as the statute requires, and the matter is kept hanging in the air. After a workman has made a fair effort to secure consent expressed in writing, and the writing is not executed, the employer may be regarded as having refused to consent. In this instance the court did not find that the employer refused to consent. Therefore, the condition precedent to action did not exist, and the workman was obliged to pursue the remedy by arbitration. However this may be, a workman may compel arbitration, whether the employer consent or not." (p. 376.)

If the conduct of the employer is such as to make an attempt to arbitrate futile and useless, because the employer refuses to be bound before arbitration, certainly if he consents to arbitrate and then refuses to be bound, the act gives effect to the arbitration in which he has participated by compelling payment. In our opinion such was the legislative intent.

"It has been repeatedly held that the decision of the arbitrator upon issues properly before him, is final except for the limited review provided by the statute." (*Kinzer v. Gas Company*, 114 Kan. 440, 219 Pac. 278.)

"The result is, while the judge acts, the orders are court orders; and appointment of an arbitrator, . . . is a workmen's remedy in a court of justice to obtain compensation, and so is a special proceeding, within the meaning of sections 3 and 5 of the civil code. [Gen. Stat. 1915, ¶¶ 6893, 6895.] An arbitrator appointed by the court determines the sum of money the employer shall pay to the workman. Other questions may be referred to him, and his determination is conclusive, unless the result of fraud or the substantial equivalent of fraud. [§ 16, *Kinzer v. Gas Co.*, 110 Kan. 574, 204 Pac. 999, and cases cited in the opinion.] This is judicial power, exercised by the arbitrator by virtue of being in a sense an arm of the court and subject to its supervision." (*Tidwell v. Schaff*, 114 Kan. 255, 257, 217 Pac. 702.)

"The appellee contends that the order for the payment of suit money, being interlocutory, is not such a judgment as will sustain an action; that not having been embodied in the final judgment it ceased to be effective. To this we cannot agree. The order to pay was a positive one. It was of course subject to any modification the court might later see fit to make [as indeed any judgment is during the same term], but as no change was in fact made and it remained in force until the litigation was ended, it has the effect of an unsatisfied judgment. In an action for divorce allowances of alimony are enforcible in such manner as the court may choose. [*Scott v. Scott,* 80 Kan. 489, 103 Pac. 1005.] It is not vitally important in such a situation as that here presented what terms are used to describe the court's decision upon an application for temporary alimony, whether it is called an order or a judgment, interlocutory or final. . . . The obligation thus created had the effect of a judgment. The litigation having ended without its being set aside it retained its vitality. Its

force was not impaired merely because the debtor had ignored it, and execution had not been issued." (*Paul v. Paul,* 121 Kan. 88. See, also, *Wilson & Co. v. Ward,* 110 Kan. 177, 202 Pac. 862; *Crawn v. Packing Co.,* 111 Kan. 573, 207 Pac. 793.)

Being final, if the decision of the arbitrator is against the employee, he is concluded. If it is against the employer, he likewise is concluded and there remains only the necessity of putting the decision into effect. The trial court in the instant case held in effect that the arbitrator's award was merely a cause of action; that compliance could be had therewith by action before a justice of the peace. In our opinion the legislature contemplated no such procedure. The workmen's compensation act is complete in itself. One of its manifest objects was to speed the settlement of claims and avoid the delay as well as the expense of litigation. (*Duncan v. Packing Box Co.,* 110 Kan. 494; 204 Pac. 543.) No necessity existed for bringing an action upon the award, no authority existed for submitting the question to another court. The issues already had been determined. The filing of the award was in effect the entry of an order in a judicial proceeding. It was a final decision, equivalent to a judgment because it had the essential attributes of a judgment. It was an enforcible finality awaiting only for the court to put it into effect. Orders, decisions and judgments are made effective by execution and issuance of an execution in compliance with the præcipe would have been proper in the instant case.

The judgment is reversed and the cause remanded with instructions to allow the writ.