No. 29,236.

EMILE FOUGNIE, *Appellee,* v. WILBERT & SCHREEB COAL COMPANY, and T. H. MASTIN & COMPANY, *Appellants.*

(286 Pac. 396.)

Opinion filed April 5, 1930.

*C. O. Pingry, P. E. Nulton* and *G. E. Stevenson,* all of Pittsburg, for the appellants.

*Phil Callery, James E. Callery* and *Caroline A. Lowe,* all of Pittsburg, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal and cross appeal from the judgment in a workmen's compensation case.

It appears that on and for some time prior to February 15, 1928, the claimant, Emile Fougnie, was employed as a miner in the

respondent's coal mine in Crawford county. On that date, while pushing a mining car loaded with rock, he slipped and sustained an injury—hernia on the left side.

On the following day, February 16, 1928, he made a claim on his employer for compensation, and in compliance therewith his employer paid him $18 per week until he had thus received an aggregate sum of $126. His employer also furnished the injured workman with medical attention. Payments of compensation ceased in April, 1928. On December 22, 1928, the claimant filed with the workmen's compensation commission a formal application for compensation.

On March 20, 1929, an examiner for the compensation commission conducted a hearing at Pittsburg, at which time both parties appeared, and claimant gave testimony in substantial accord with the recital of facts contained in his written application. Claimant also offered to prove that he went to his employer's designated physician for treatment until May 29, 1928, during all of which time claimant was suffering from inguinal hernia which that physician did not discover. He also offered to prove that in September, 1928, he went to another doctor of his own choosing and the latter discovered that claimant was suffering from such inguinal hernia; that he underwent an operation therefor, and had incurred a liability for $228.95 for surgical services, and was unable to perform manual labor from the time of his injury on February 15, 1928, to January 1, 1929. Claimant also offered to show that about April 15, 1928, he informed the insurance adjuster that he did not wish to draw further compensation if he was able to go ahead with his work as a missionary minister, and suggested that his payments of compensation be held in abeyance until he could determine what his physical condition should turn out to be; and that it was under those conditions that the matter of his compensation rested until December, 1928, when his demand for further compensation was refused and these proceedings before the compensation commission were instituted. The foregoing offers of evidence and others of less consequence were rejected. The compensation commission ruled—

"Before a workman can maintain a claim for compensation under the workmen's compensation act he must comply with section 20 and make written claim for compensation upon the employer within ninety (90) days after the last date of payment of compensation.

. . . . . . . . . . . .

"From the claimant's own statement it is readily seen that no written claim for compensation was made within ninety (90) days from the 11th day of April, 1928; that the first written claim for compensation was made on the respondent herein in December, 1928, or more than a period of ninety (90) days.

"It is therefore found that claimant herein did not comply with section 20 of the workmen's compensation act in that he did not make written demand upon the respondent herein within ninety days after the last date of payment of compensation.

"Wherefore, award of compensation is hereby denied."

The claimant appealed to the district court, and the cause was submitted on the transcript of proceedings at the hearing before the compensation commission and its rulings thereon.

The district court made a finding and order—

"That the above cause be remanded to the commission of workmen's compensation and that plaintiff be permitted to introduce his testimony."

Both parties appeal. The respondent coal company contends that the district court had no jurisdiction to remand the proceeding to the compensation commission, and that it was the court's duty to give judgment on the questions of law and fact presented by the transcript submitted for its review. The claimant's counter contention is that it was the duty of the trial court to give him an opportunity to present the evidence which the examiner for the commission had rejected and declined to hear.

Touching first upon the points raised by the respondent coal company, it should be borne in mind that the workmen's compensation act prescribes its own procedure. In *Norman v. Consolidated Cement Co.,* 127 Kan. 643, 649, 274 Pac. 233, it was said:

"In a comprehensive statute the legislature manifestly undertook to cover every phase of the right to compensation and of the procedure for obtaining it. It provided an administrative method in order to avoid the delay resulting from prolonged litigation and the uncertainty and expense attending it. . . . We must look to the procedure of the act for the methods of administration. We are not warranted in borrowing rules and methods from the civil code not included in the act itself."

The jurisdiction of the district court in compensation cases is simply its power to grant or refuse compensation or to increase or diminish any award made by the commission as justice may require. (Laws 1929, ch. 206.) It hears no new evidence, but takes the case on the transcript of the proceedings before the compensation commission and makes an independent adjudication of the facts and the

law therefrom. (*Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 692, 693, 284 Pac. 818.) The statute does not intimate that the district court may reverse and remand the proceedings to the compensation commission because of errors in the admission or exclusion of evidence before that tribunal. (See, also, *Walz v. Missouri Pac. Rld. Co.*, ante, p. 203, 285 Pac. 595.)

It must therefore be held that the order of the district court remanding the proceedings to the compensation commission was erroneous and should be set aside.

Turning next to the cross appeal: Counsel for claimant advance three propositions for our consideration:

"1. In the hearing of this case before the commissioner, did the commissioner act reasonably without partiality, and did he give the claimant the reasonable opportunity to be heard and to present evidence that is contemplated by the statute?

"2. Under all of the provisions of the statute, is the district court authorized to go into the real facts and grant a hearing *de novo*?

"3. If the provisions of the statute cannot be so construed as to authorize the district court to go into the real facts of a case and to grant a hearing *de novo*, is the act constitutional?"

Considering these points together, it is of course both the statutory and moral duty of the commissioner to give the claimant and his adversary a fair opportunity to present their evidence; and the court sees no reason why tendered evidence excluded by the examiner could not be put in the form of affidavits or depositions and made part of the transcript which goes to the district court for its independent decision on the law and the facts. But there is nothing in the statute which contemplates that the trial court is authorized to hear further evidence or try the proceedings *de novo*. Touching the legal query that if the district court cannot go into the real facts of a case and grant a hearing *de novo* the statute may not be constitutional, it should be a sufficient answer to remind counsel that proceedings under the workmen's compensation act are not in a strict sense a lawsuit at all. They are special proceedings essentially contractional in character, sanctioned and encouraged by statute, but not compulsorily imposed on the parties. The workman and his employer may decline to adopt the terms of the compensation act to govern their relationship, and may adhere to such rights and remedies as are accorded them under the common law with its constitutional and statutory modifications. But having elected to operate under the compensation act, or having declined to elect to

stay out from under its terms, neither employer nor employee can be heard to question its validity. (*Shade v. Cement Co.*, 93 Kan. 257, 144 Pac. 249.) Certainly the compensation act may be the basis of a valid contract between employer and employee, regardless of the numerous fine-spun constitutional objections which have been made to it from time to time. The constitutional infirmity of the act intimated by counsel in this instance may be confidently disregarded. (*Smith v. Packing Co.*, 115 Kan. 874, 225 Pac. 110.)

There is no justification for raising a question about the impartiality of the examiner or the compensation commission in this case. The statute explicitly provides that proceedings for compensation shall not be maintainable in cases where compensation payments have been suspended unless a written claim therefor is served upon the employer within ninety days after the last payment of compensation (Laws 1927, ch. 232, § 20) subject only to the exceptions prescribed by section 9 of the act, which reads:

"SEC. 9. In case an injured workman is mentally incompetent, or when death results from an injury in case any of his dependents, as herein defined, is mentally incompetent at the time when any right, privilege, or election accrues to him under this act, his guardian may, on his behalf, claim and exercise such right, privilege, or election, and no limitation of time, in this act provided for, shall run, so long as such incompetent has no guardian."

There was nothing suggested in claimant's rejected offers of evidence which would excuse claimant's failure to make his statutory written claim within ninety days, under the text of section 9 just quoted, and additional exceptions cannot be read into it. The mandate of section 23 that the act be administered without regard to technical rules of procedure does not mean that the plain terms of the statute itself may be ignored and disregarded, or that some other excuse than those sanctioned by section 9 may be accepted for failure to serve a written demand for compensation until several months after the statutory time therefor has elapsed.

On the respondent's appeal the judgment is reversed, and on the claimant's appeal it is affirmed.