No. 29,850.

ANTON RESNAR, *Appellant*, v. THE WILBERT & SCHREEB COAL COMPANY, and T. H. MASTIN & COMPANY, *Appellees*.

(297 Pac. 429.)

. Opinion filed April 11, 1931.

*Sylvan Bruner* and *Walter J. True*, both of Pittsburg, for the appellant.

*C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* all of Pittsburg, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is another compensation case. While appellant was working as a coal miner in the service of the defendant coal company a rock weighing 500 pounds fell on his back, legs and heels, causing injuries which totally incapacitated him for six months. By that time he had completely recovered except as to his left foot, which was rendered permanently useless.

Following his injuries, which occurred on December 15, 1927, his employer and the insurance carrier paid him compensation at the rate of $16.20 per week until March 14, 1929. While still receiving this weekly sum appellant filed a formal claim for compensation on October 17, 1928. The matter was heard before the examiner for the commission, and on his recommendation an award of $388.80 · was made for temporary total disability for twenty-four weeks at $16.20 per week, beginning on March 14, 1929, which was the date when his employer had ceased to pay him compensation. An additional award was also made in behalf of the claimant on account of what the examiner found to be a permanent partial disability to his left foot. For this specific injury the claimant was to receive $16.20 per week for 62.5 weeks, totaling $1,012.50. The sum of these awards was $1,401.30 which, added to the $1,036.80 claimant had theretofore received, made an aggregate award of $2,438.10. Neither party appealed from this award, but on September 7, 1929, claimant filed an application for its review and modification. Another hearing was held by the examiner, and on his recommendation the commissioner of compensation, on December 28, 1929, made a finding that the claimant had been totally disabled until August 29, 1929, but that he had received compensation therefor. The commissioner also found that claimant had sustained an 80 per cent permanent loss of the use of his left foot, for which he was entitled to $16.20 per week for 100 weeks, part of which had been paid theretofore.

Both parties appealed to the district court, and on a review of the entire record that court concluded that the second award should be modified thus:

"That the said plaintiff should be awarded compensation for total loss of use of his foot in the amount of one hundred twenty-five (125) weeks, and the court finds that the said defendants have paid plaintiff compensation for a period of eighty-eight (88) weeks, and that said plaintiff is entitled to re-

cover a balance of thirty-seven (37) weeks' compensation for the total loss of the use of his foot, and that the rate of compensation that the claimant shall receive for said disability is sixteen and 20/100 ($16.20) dollars per week."

Judgment was ordered accordingly and the claimant appeals.

So far as this appeal is affected by controverted issues of fact, the judgment of the trial court when based upon substantial evidence supersedes whatever findings of fact the examiner and commission may have made to the contrary. (R. S. Supp. 1930, 44-556; *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818; *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 412, 286 Pac. 396.) It is quite apparent from its findings that the trial court discounted the evidence adduced before the commission touching the extent of the period of claimant's total incapacity, and this was clearly within the trial court's province since the claimant himself testified:

"Q. You got all over your injuries except your left leg? A. Yes, it crushed several bones and knocked my toe out of place.

"Q. But it injured the left foot most? A. Yes; right was all right in six months.

"Q. The right got all right in six months? A. Yes.

"Q. Now, all these other injuries caused by this rock falling on you, how long was you before they got well, your other injuries. A. I can't get you—what do you mean?

"Q. How long was it before you got well? A. Six months.

"Q. About six months; did you get all right? A. Yes."

It does not appear, however, that the trial court discredited this testimony, and even the brief of appellee makes no contention to that effect. Apparently the trial court held the view that plaintiff was not entitled to compensation for his temporary total incapacity, and that the only award he was entitled to was for the permanently continuing injury to his left foot. The trial court was within its jurisdictional privilege to determine for itself from the evidence in the record that the left foot was permanently and completely rendered useless. That fact being ascertained, the statutory schedule of 125 weeks' compensation should be allowed therefor. But the court erred in deducting therefrom the entire 88 weeks' payments which had been made to plaintiff. For six months plaintiff was totally incapacitated because of his injuries. There is no dispute about that fact. He was entitled to compensation therefor. Six

months less one week are 25 weeks, which at $16.20 per week make $405. Claimant, according to the conclusion of the trial court, has also permanently lost the use of his left foot. For that injury he is entitled to 125 times $16.20, or $2,025. These two sums make a total of $2,430, to which claimant is entitled as a matter of law. Of this amount claimant has already received $1,425.60 in weekly payments. Consequently there remains a balance due him in the sum of $1,004.40, and the judgment of the trial court should be modified accordingly.

Before concluding we should note a contention of appellant that the first award before the compensation commissioner had the binding force of a judgment. An award is not precisely a judgment, since it is not the decree of a judicial tribunal, but the statute outlines a procedure by which it may be given that effect. (R. S. 44-529; *Palmer v. Fincke*, 122 Kan. 825, 253 Pac. 583.) Where that procedure has not been followed, an award is always open to modification at the instance of either party until final payment is made; and in that important respect it lacks the element of *res judicata* which is the distinctive feature of a judgment. In this case it was the claimant himself who took the initiative to have the first award modified, and of course it was no more binding on defendant than it was on him.

The cause is remanded to the district court with instructions to modify its judgment in accordance herewith, and when so modified it will be affirmed.

SLOAN, J., not participating.