No. 30,124.

E. L. LENON, *Appellee,* v. THE STANDARD OIL COMPANY OF KANSAS, *Appellant.*

(5 P. 2d 853.)

Opinion filed December 12, 1931.

R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, George C. Spradling, Henry V. Gott, and R. Rowland Ritchie, all of Wichita, for the appellant.

Charles Stephens, C. E. Rumery and C. R. Stauffacher, all of Columbus, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workmen's compensation case. The appeal is from an order of the district court denying a motion to enjoin the sheriff from enforcing execution based upon an award and judgment of the district court.

The facts disclosed by the record may be stated as follows: E. L. Lenon, an employee of the Standard Oil Company, made claim for compensation which was heard by the compensation commissioner, who allowed compensation. The employer appealed to the district court, where the parties were thereafter referred to as plaintiff and defendant. That court heard the matter, and on February 5, 1930, found plaintiff was totally disabled as a result of an admitted accidental injury; that such total disability will continue for a period of not exceeding 415 weeks, and that he was entitled to compensation at the rate of $18 per week, and rendered judgment accordingly. It was adjudged that the sum due to date should be paid at once and the future payments at the weekly rate, subject, however, to R. S. 1930 Supp. 44-528. No appeal was taken from the award and judgment of the court. Sums due thereunder to February 28, 1930, were paid. Further payments were not made. On August 12, 1930, plaintiff had execution issued on the judgment. This is the execution sought to be enjoined. The defendant then filed in the district court a motion asking the court to make an order perpetually enjoining the sheriff from enforcing the execution then in his hands, or any execution based on the judgment. The motion recited the prior proceedings and averred that on February 12, 1930, defendants served notice on plaintiff's attorneys requesting that plaintiff be submitted at Wichita, Kan., on March 5, 1930, so that his condition might be examined by defendant's physician; that a copy of the notice was served upon plaintiff; that the notice offered to claimant the necessary funds for his expenses to Wichita for such examination, and plaintiff's attorneys were notified that unless

plaintiff presented himself for medical examination on the date requested no future compensation would be paid until the examination was had, and that plaintiff had not presented himself for examination on the date requested, nor upon any subsequent date. The motion called attention to the statute (R. S. 1930 Supp. 44-520a). On the hearing of this motion it was agreed that plaintiff did not present himself for medical examination by defendant's physician at Wichita on March 5, 1930, or subsequently; that defendant had not paid any compensation after March 1, 1930, and between that date and August 12, 1930, plaintiff did not serve written notice upon defendant to continue payments. Correspondence between the parties and their counsel with respect to the physical examination of plaintiff requested by defendants was offered in evidence, and has a bearing on the reasonableness of the request.

In this court appellant contends that an execution cannot be issued to enforce an award of the workmen's compensation commissioner appealed to and affirmed by the district court. It is argued that the compensation act is bottomed on the theory that it is to be administered by a commissioner and not by the court (*Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233); that when there is an appeal from the compensation commissioner to the district court, the court, on appeal, takes the place of the commissioner (*Consolidated Cement Co. v. Baker*, 129 Kan. 845, 284 Pac. 415), and that the hearing before the district court is on "questions of law and fact" (*Coe v. Koontz*, 129 Kan. 581, 283 Pac. 487). It is further argued that the compensation act provides two methods by which an award may be enforced: First, R. S. 1930 Supp. 44-563 provides that if the insurance carrier fails to pay compensation finally determined to be due, the commissioner of insurance shall hear the complaint, and if the failure is without reasonable excuse may revoke or suspend the authority of the carrier to do business in the state, and in a proper case may apply for the appointment of a receiver; second, R. S. 1930 Supp. 44-529 provides that if the workman is in doubt as to the security for payment he may apply to the commissioner for a lump-sum award, and if the evidence shows a reasonable doubt as to the security the commissioner may make a lump-sum award and forward a certified copy thereof to the district court, on which judgment may be entered, which judgment may be enforced by execution. (*Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, 297 Pac. 429.) The first of these methods may

be unavailing to collect money for a workman in any case, and would be unavailing in this case for the reason that the employer is a self-insurer under the provisions of R. S. 1930 Supp. 44-532. The second method suggested would be unavailing in this case unless the financial condition of the Standard Oil Company could be shown to be much worse than it is generally reputed to be. To urge these two provisions as plaintiff's only remedy is to argue that he has none. In *Palmer v. Fincke,* 122 Kan. 825, 253 Pac. 583, it was specifically held that the decision of an arbitrator under our workmen's compensation act, as it existed prior to 1927, duly filed in the district court, had all the essential attributes of a judgment, and that an execution could be issued to compel the payment of the sums due under the award. Under our present statute an appeal from the finding and award of the compensation commissioner is to the district court. That court considers and passes upon both the law and the facts and makes its findings and conclusions and judgment. Unless appealed from, and subjected to a review provided by section 28 of the act, it is the final determination of the controversy. It is therefore a judgment of the court (R. S. 60-3101; *State v. McArthur,* 5 Kan. 280) and may be enforced by execution. (See *Palmer v. Fincke,* supra, and *Resnar v. Wilbert & Schreeb Coal Co.,* supra, pp. 806, 808.)

Appellant contends the issuance of the execution should have been enjoined in this case because plaintiff failed to present himself at Wichita for examination, as requested, and argues that it was entitled to such an examination under R. S. 1930 Supp. 44-515 and 44-518. These sections apply to examinations pending the workman's claim for compensation. They are not applicable here for the reason that the plaintiff's claim for compensation had been passed upon by the compensation commissioner and also by the district court, where it had been fully determined. There was no claim for compensation then pending. Appellant also argues that it was entitled to have the examination made under R. S. 1930 Supp. 44-528, which briefly provides for a review by the compensation commissioner upon the application of either party. No proceedings were taken under this section. Neither party made application to the compensation commissioner to review. The request to examine was not made in accordance with any provision of the compensation act. Appellee contends that the request was unreasonable in view of the facts disclosed by the correspondence between

the parties and their counsel. But we need not go into that phase of the question.

Finally it was argued by appellant that the compensation payments had been suspended for more than ninety days, and no written notice having been served upon the employer for the continuance of compensation, no further proceedings could be invoked by Lenon to obtain compensation in view of R. S. 1930 Supp. 44-520a, which briefly provides for a written claim for compensation to be served upon the employer within ninety days after the accidental injury, or after the date of the last payment of compensation. This section applies to proceedings for establishing a claim for compensation. It had been complied with in this case before the claim was heard by the compensation commissioner. The statute does not require a second compliance with it after a hearing and judgment by the district court.

The conduct of defendant in declining to make payments which had been finally determined, without applying to the compensation commissioner for review and modification and obtaining an order therefor, was not justified by the compensation act. The request for physical examination, when no proceeding for compensation was pending, and no application for review and modification had been made, was not authorized by the act. Neither does the compensation act provide for the motion for injunction filed in this case. The points argued by appellant are highly technical and have no substantial merit.

The judgment of the court below is affirmed.