## No. 31,548

LILLIAN PRIBBENOW, a Widow, as Guardian, etc., *Appellee*, v. C. G. MEEKER and DON S. MEEKER, Partners, doing business as MEEKER ELECTRIC COMPANY, THE UNION INDEMNITY COMPANY, THE CLAUDE NEON FEDERAL COMPANY and THE HARTFORD ACCIDENT AND INDEMNITY COMPANY, *Appellants*.

(31 P. 2d 15.)

Opinion filed April 7, 1934.

*Paul J. Wall, Carl I. Winsor, John E. Boyer, Arnold C. Todd, Julian E. Ralston* and *Ralph Gore*, all of Wichita, for the appellants.

*George Jeffery, Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George G. Powers, Carl T. Smith* and *C. H. Morris*, all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a proceeding for compensation by dependents of a deceased workman. They recovered in the trial court, and respondents have appealed. It is conceded that all parties were operating under the workmen's compensation act; that the workman sustained an injury by accident on April 28, 1932, which resulted in his death May 11, 1932, and which arose out of and in the course of his employment; that claimants are his dependents, and that his wages were such as to entitle them to the maximum award.

The facts giving rise to the questions here presented may be stated as follows: About March 22, 1932, the Claude Neon Federal Company entered into a contract with Woolf Bros., merchants at Wichita, in which they agreed, for a consideration to be paid them, to construct, erect, connect and maintain certain Neon electric signs at the Woolf Bros. location. The Neon company, with men employed by it, did all of the work which it contracted to do, except installing the electric wiring and its connections. This it contracted for the Meeker Electric Company to do at an agreed price. The workman was an employee of the Meeker company and was performing that work when he sustained the injury which resulted in his death. Both companies knew of the injury and death of the workman. Soon after the death of the workman the Meeker company and its insurance carrier entered into a stipulation with the dependents of the workman in which it was agreed they were liable to the dependents in the sum of $4,000, which should be paid at the rate of $18 per week. This stipulation was filed with the commissioner of workmen's compensation, who made an award in accordance therewith. Payments of compensation were made in harmony with this stipulation and awarded until December 15, 1932, at which time payments ceased. On January 31, 1933, the dependents gave notice and demand for compensation and served the same on the Neon company and on the Meeker company. At the hearing before the workmen's compensation commissioner, April 2, 1933, an award was made against the Meeker company and its insurance carrier, but was denied as to the Neon company and its insurance carrier on the ground that claim for compensation had not been made in time. The dependents appealed to the district court, where, on a review of the record, it was held that the demand for compensation was in time, and compensation was awarded as against both the Meeker company and the Neon company and their insurance carriers. From this judgment the Claude Neon Federal Company and its insurance carrier have appealed.

Appellants first argue that the Meeker company was an independent contractor, for which reason they are not liable. Both the commissioner and the trial court found the Meeker company was a subcontractor, and the evidence supports that finding. The Neon company, by its contract with Woolf Bros., obligated itself to construct and erect the signs complete with electric wiring and con-

nections, and then contracted with the Meeker company to do a part of that work. In that situation the Neon company was the contractor and liable under the statute (R. S. 1933 Supp. 44-503) to the same extent as though the workman in this case had been directly employed by it. (*Spencer v. Marshall*, 107 Kan. 264, 191 Pac. 468; *Purkable v. Greenland Oil Co.*, 122 Kan. 720, 253 Pac. 219; *Phœnix Indemnity Co. v. Barton Torpedo Co.*, 137 Kan. 92, 19 P. 2d 739.)

Appellants next contend the claim for compensation was not made in time. This is the principal question on this appeal, and dates are important. The workman was injured April 28, 1932; he died May 11, 1932; both the Meeker company and the Neon company had notice of his injury and death; by agreement between his dependents and employer, confirmed by the compensation commissioner August 2, 1932, the amount of compensation and the rate and time of payments were fixed; payments were made to December 15, 1932, when they ceased; claim for compensation was served January 31, 1933. This was more than six months after the death of the workman, but within ninety days after payments ceased. The pertinent statute reads:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer by delivering such written claim to him or to his duly authorized agent, or by delivering such written claim to him by registered mail within ninety (90) days after the accident, or in cases where compensation payments have been suspended within ninety (90) days after the date of the last payment of compensation; or within six (6) months after the death of the injured employee if death result from the injury within three (3) years after the date of the accident: . . ." (R. S. 1933 Supp. 44-520a.)

Under this statute we think the demand for compensation was in time, since it was within ninety days after the date of the last payment of compensation. Appellants argue that the portion of the section providing for demand for compensation within ninety days after payments cease applies to claims for compensation for personal injuries only and does not apply to claims of dependents for compensation for the death of the workman. We do not so construe the statute. The times are stated in the alternative: within ninety days after the accident "or" within ninety days after payments have ceased "or" within six months after the death of the workman. Under appellants' construction of the statute, where

death resulted to the workman the employer might pay compensation for six months, then cease paying, and dependents would be barred from further recovery because a demand made after that date would be too late. That interpretation of the statute is untenable. Parties may agree on compensation and pay it without a demand for compensation having been made. (R. S. 1933 Supp. 44-521.) When that is done it seems clearly to have been the intent of the legislature that no demand need be made as long as payments continued. If they ceased, then the demand should be made within ninety days after the date of the last payment. There is no reason to say this does not apply to claims of compensation by dependents of a deceased workman. But appellants argue they had not been paying this compensation, and that as to them no demand had been made, either within ninety days of the accident or within six months of the death of the workman. *Murphy v. Cook Construction Co.*, 130 Kan. 200, 285 Pac. 604, holding that a claim for specific injury does not toll the time for filing a claim for a different injury, and allied cases, are cited. We think they are not controlling here. The dependents were under no obligation to make demand on anyone as long as compensation was being paid, and in this case they made no demand on anyone. The Meeker company stipulated with them as to the amount of compensation and its payment, and payments were made for a time without any demand. Whether the Meeker company made these payments, or its insurance carrier, or someone else, is not disclosed, and perhaps is not important. So long as the dependents received payment it was not important to them who provided the money. There was no occasion for them to make demand on anyone until payments ceased. They then made demand both on the Meeker company and the Neon company, both of whom were liable. We regard this as proper under the statute.

We find no error in the judgment of the trial court, and it is affirmed.