No. 32,154

CHARLES TATHAM, *Appellant,* v. THE CLEMENS COAL COMPANY, CONSOLIDATED UNDERWRITERS, *Appellee.*

(42 P. 2d 986)

Opinion filed April 6, 1935.

*Sylvan Bruner* and *Walter T. Davis,* both of Pittsburg, for the appellant.

*P. E. Nulton* and *R. L. Letton,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is a compensation case involving mainly the question of the necessity of making a second written claim for compensation within ninety days after the date of the last payment of compensation, when a written claim had been made for compensation within ninety days after the accident which caused the injury.

The claimant was injured in his left foot and ankle October 6, 1932, and on November 15, 1932, he gave to the representatives of the respondent a written statement of his injury, which he denominates a written claim for compensation, and on the same day compensation was paid him in the sum of $48.60 and he signed a release in settlement and satisfaction of all claims for compensation on account of the accidental injury suffered by him. The physician pronounced the claimant as fully recovered, and he resumed his labor about the time of the settlement. Within a year after such settlement, viz., on November 6, 1933, the claimant filed with the compensation commission his motion to set aside the agreement or final receipt, release and report for the reason mainly of a mutual mistake as to the recovery from the injury and that the compensation paid and received was grossly inadequate. The matter was heard by the compensation commission and the award was denied, from which ruling the claimant appealed to the district court, where upon examination of the evidence and proceedings had before the commissioner the trial court made the following findings of fact and conclusions of law:

"That the claimant suffered an accidental injury which has caused the total loss of the use of his foot and ankle. That on November 15, 1932, the claimant made a written claim for compensation upon respondent's insurance carrier and its adjuster, John Sargent, who then paid to claimant the sum of $48.60, as compensation, and then took a release for said amount. That at the time said release was taken, all the parties herein were mutually mistaken as to the nature and extent of claimant's injury and thought that claimant had fully recovered, which later facts and conditions arising in claimant's foot and ankle from his injury clearly disclose was not the case, and the release executed between the parties was made under a mutual mistake of facts as to the nature and extent of claimant's injury, and the amount of compensation paid to claimant under said release for his injury was grossly inadequate and the release should be set aside because of said mutual mistake and is without merit.

"The court further finds that the claimant must be denied further compensation for his injury for the reason that the claimant did not make an additional written demand for compensation within ninety days after his

compensation was paid on November 15, 1932, as is required under the case of *Skinner v. Dunn Mercantile Company,* 132 Kan. 563, and claimant is therefore denied further compensation for his injuries."

From this judgment the claimant appeals, and the respondent also served a notice of cross appeal as to the adverse ruling in setting aside the release.

The injury, as stated above, occurred on October 6, 1932, so the making of a written claim for compensation by the claimant on November 15, 1932, as found by the trial court, was within ninety days after the accident and was in full compliance with the first requirement of R. S. 1933 Supp. 44-520a, and there was sufficient evidence to support such finding.

We are not furnished with the evidence upon which the district court based its finding of fact that the release was made under a mutual mistake as to the nature and extent of the injury and it is not suggested that there was not sufficient evidence to support such finding.

The appellee as well as the trial court, as shown by its conclusions of law, relied strongly upon the decision in the case of *Skinner v. Dunn Mercantile Co.,* 132 Kan. 559, 296 Pac. 341, which involved both the question of the always necessary written claim to be made for compensation within ninety days, either from the date of the injury or from the last payment of compensation, and also the question of setting aside a release by commencing an action for that purpose within twelve months after its date, as provided in R. S. 1933 Supp. 44-527. It was there held:

"Where no written claim or demand has been made for compensation within the ninety-day limit provided by statute, the joining or coupling of an action for compensation with an action to set aside a release, commenced within the twelve months allowed for that purpose, will not obviate the requirement and necessity of making such claim or demand within the prescribed time." (Syl. ¶ 2.)

Appellee also urges strongly the ruling in the case of *Fougnie v. Wilbert & Schreeb Coal Co.,* 130 Kan. 410, 286 Pac. 396, where the claimant failed to recover solely because he did not make a written claim for compensation within ninety days after the payments of compensation had ceased. The later case of *Harrigan v. Western Coal & Min. Co.,* 133 Kan. 573, 300 Pac. 1115, which follows and approves the ruling in the Fougnie case, is cited by appellee, but in neither of these cases had a written claim been made within ninety days after the accident as in the case at bar. In the former case the

only reliance by claimant upon a formal demand for compensation was upon the one made about eight months after payments of compensation had ceased, but an excuse for the delay, which was not recognized by the statute, was given. In the latter case the court prefaces its conclusion as to the necessity of making such claim within ninety days after suspension of payment with the comment that so long as the employer pays a sufficient compensation there is no need of making a formal written claim.

None of the many cases cited by the appellee undertake to require the making of a written claim after the payment of compensation ceases when one had been made within ninety days after the accident. The statute requiring such written claim (R. S. 1933 Supp. 44-520a) makes it in the alternative by using the disjunctive "or" instead of the conjunctive "and" between the two requirements as follows:

"No proceedings for compensation shall be maintainable hereunder unless a written claim for compensation shall be served upon the employer. . . within ninety (90) days after the accident, or in cases where compensation payments have been suspended within ninety (90) days after the date of the last payment of compensation. . . ."

In the case of *Pribbenow v. Meeker*, 139 Kan. 325, 31 P. 2d 15, the respondent contended that the requirement of the statute for a written demand for compensation within ninety days after payments ceased applied only in cases of personal injuries and did not apply to claims of dependents for compensation for the death of a workman. In response to which argument the court said:

"We do not so construe the statute. The times are stated in the alternative: within ninety days after the accident 'or' within ninety days after payments have ceased 'or' within six months after the death of the workman." (p. 327.)

It was further stated in the same opinion on page 328:

"Parties may agree on compensation and pay it without a demand for compensation having been made. (R. S. 1933 Supp. 44-521.) When that is done it seems clearly to have been the intent of the legislature that no demand need be made as long as payments continued. If they ceased, then the demand should be made within ninety days after the date of the last payment."

This matter of there being no necessity under the statute to make a second or additional claim for compensation when one had already been made was fully and carefully covered in the opinion in the case of *Lenon v. Standard Oil Co.*, 134 Kan. 289, 5 P. 2d 853, as follows:

"Finally, it was argued by appellant that the compensation payments had

been suspended for more than ninety days, and no written notice having been served upon the employer for the continuance of compensation, no further proceedings could be invoked by Lenon to obtain compensation in view of R. S. 1930 Supp. 44-520a, which briefly provides for a written claim for compensation to be served upon the employer within ninety days after the accidental injury, or after the date of the last payment of compensation. This section applies to proceedings for establishing a claim for compensation. It had been complied with in this case before the claim was heard by the compensation commissioner. The statute does not require a second compliance with it after a hearing and judgment by the district court." (p. 293.)

Appellee here stresses the reference to a hearing of the case by the commissioner and also a hearing and judgment by the district court, and argues that the rule is limited to such cases only. Such a restricted construction is not in harmony with the quoted paragraph in its entirety nor the third paragraph of the syllabus. This decision in the Lenon case was referred to and approved in the case of *Flanagan v. Lux*, 141 Kan. 88, 40 P. 2d 458, where claimant attempted to establish the making of two written claims under the statute, one within ninety days after the accident and the other after the payment of compensation had ceased, and it was said:

"It has been held that there is no necessity for the making of a second written claim after one has been made fully complying with this requirement, if the action is commenced within a reasonable time. (*Lenon v. Standard Oil Co.*, 134 Kan. 289, 5 P. 2d 853.) So that if either one of these two efforts fully met the requirements of the law as to making and serving claims, the claimant would be entitled to maintain compensation proceedings." (p. 90.)

And again in the concluding sentence of the opinion, on page 96, it was said:

"As stated above, this second claim only needs to be considered because we concluded, as the trial court did, that the first written claim was not such as was required by statute."

After careful consideration the same result has been reached and is expressed in the following language in the case of *Copeland v. Martin Metal Mfg. Co.*, post, p. 725, 42 P. 2d 982:

"Where an injured workman makes a sufficient demand for compensation within ninety days after the date of injury, and thereafter receives payments of compensation, it is not necessary that within ninety days after compensation ceases he make another written demand in order to maintain proceedings for compensation." (Syl. ¶ 2.)

Since a formal written claim was made in the case at bar at the very beginning and at the time compensation was paid and within ninety days from the date of the accident, as found by the trial

court, there was no necessity under the requirements of R. S. 1933 Supp. 44-520a of making a second or additional demand within ninety days after payments of compensation ceased, as the requirement is in the alternative.

The judgment of the trial court is affirmed as far as the setting aside of the release is concerned, but reversed as to the necessity of making a second or additional written claim after compensation payments had ceased.

The cause is remanded with directions to modify the rulings as above indicated and allow claimant such compensation as the evidence may justify.