No. 32,164

F. A. Copeland, *Appellee*, v. The Martin Metal Manufacturing Company and The American Mutual Liability Insurance Company, *Appellants*.

(42 P. 2d 982)

Opinion filed April 6, 1935.

*C. H. Brooks, Williard Brooks, Howard T. Fleeson, Fred W. Aley, Carl G. Tebbe* and *Wayne Coulson,* all of Wichita, for the appellants.

*Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs, Robert H. Nelson,* all of Wichita, *H. G. McKeever, Van W. Stewart* and *Harry H. McKeever,* all of Enid, Okla., for the appellee.

The opinion of the court was delivered by

Thiele, J.: This is an appeal from an award under the workmen's compensation act.

The claimant was employed by the manufacturing company at a salary of $75 per month, with an allowance of $30 per week for expenses. Claimant testified he used $15 per week for his meals and lodging. On December 23, 1932, while engaged in the course of his employment, he was injured through the negligence of a third party, the injury occurring in the state of Oklahoma. On March 7, 1933, claimant brought suit against such third party in Oklahoma; thereafter and on March 10, 1933, he made claim for compensation by written demand upon his employer. As a result of his demand, on March 31, 1933, he was paid accrued compensation in the amount of $135.06 and thereafter he was paid three weekly installments of $10.39, the last being paid April 24, 1933. There had been some correspondence between claimant's attorneys and attorneys for the insurance carrier, and on the last-mentioned date the manager of the insurance company learned of the suit in Oklahoma and further payments of compensation were stopped. Correspondence continued between counsel for the claimant and counsel and representatives of the insurance carrier as to the Oklahoma suit, from which it conclusively appears that the insurance carrier was fully aware of that suit. We are not concerned with whether or not it agreed to the prosecution thereof. Compensation having stopped, claimant on June 21, 1933, made a further demand on his employer for compensation. The suit against the third party was finally tried and on October 25, 1933, judgment was rendered in favor of the plaintiff for $400, the judgment being paid. Under his contract with his attorneys, claimant received only $240 of the judgment.

The employer and the insurance carrier continued to deny liability and thereafter the claim for compensation came on for hearing at which the above and other facts not here material were developed. The commissioner found that written demand for compensation was made on June 21, 1933, within ninety days from the date of the last payment of compensation, and that—

"From the testimony and correspondence introduced there appears to be an understanding of the parties all along that the civil action was not an election by claimant to pursue his remedy against a third party to the exclusion of his claim for compensation, but was for the benefit of the employer, it, the company, being subrogated to the recovery."

It was further found that claimant did not file an election to pursue his remedy against the third party and had no intention to waive his right to compensation and that claimant had accepted compensation payments; that the civil action against the third party was for the benefit of the employer and that the representative of the insurance company so understood, and that the employer was subrogated to the recovery in the sum of $240. Compensation was awarded at the rate of $18 per week.

The employer and insurance carrier appealed to the district court, which adopted the findings of fact and conclusions of law of the commissioner, except that it found written demand for compensation was made on March 10, 1933, instead of June 21, 1933, and the award as made by the commissioner was affirmed. The employer and the insurance carrier appeal, and present four questions which will be discussed.

It is first urged that claimant elected to proceed against the negligent third party and may not now recover compensation. It is claimed that there is no evidence to sustain the trial court's finding there was an understanding claimant might maintain his common-law action without prejudice to his right to compensation. Our examination of the record shows there was evidence to sustain the finding, but it is not necessary to set it out, for in any event the matter is controlled by statute.

Prior to 1927 the workmen's compensation act provided that where the injury for which compensation was payable was caused under circumstances creating a legal liability against a third person, the workman might take proceedings against that person to recover damages and against any person liable to pay compensation for such compensation, but he should not be entitled to both damages and compensation (R. S. 44-504), and in construing the statute it was said in *Swader v. Flour Mills Co.*, 103 Kan. 378, 380, 176 Pac. 143:

"The statute thus gives a sort of dual cause of action—for compensation and for damages—but qualifies and limits the recovery to the *one* or the *other*."

And our attention is directed to somewhat similar statutes and decisions of other states. In 1927, however, the act was amended, and now provides that within ninety days after receiving injury, the workman shall elect whether to accept compensation or pursue his remedy against such third person; that the election must be in writing and delivered to the employer, and that the acceptance of

compensation by the injured workman "shall be construed as a positive election to accept compensation under this section," and that failure on the part of the injured employee to file such written election with the employer within ninety days that he will pursue his remedy against the negligent third party, shall operate as an election to accept compensation and as an assignment of any cause of action in tort which he may have against such third person, which action the employer may enforce in his own name or in the name of the workmen for their benefit as their interests may appear. (R. S. 1933 Supp. 44-504.) It is not claimed that the workman filed any election as provided, and thus one was made for him by the above statute, for two reasons: He accepted compensation, and he failed to make written election he would pursue the negligent third person.

It is also noted that the employer and the insurance carrier were aware of the common-law action, and before its trial each was notified that the workman would dismiss the suit unless it was understood that trial of it would not prejudice his right to compensation. Assuming the parties could contract contrary to the plain provisions of the statute, and whether a definite agreement as to prosecution of the suit was made or not, it does appear that the employer and the insurance company did not object to its being prosecuted to judgment.

It is next contended that claimant is barred by reason of failure to make a statutory demand for compensation within ninety days after the last payment of compensation, and *Fougnie v. Wilbert & Schreeb Coal Co.,* 130 Kan. 410, 286 Pac. 396, is cited in support. It may be conceded that it so holds. In the last mentioned case is an erroneous statement of fact which has confused appellant. The claimant was injured February 15, 1928. On page 411 of that opinion it was said:

"On the following day, February 16, 1928, he made a claim on his employer for compensation, and in compliance therewith his employer paid him $18 per week," etc.

An examination of the abstracts on file in that action shows that in his claim for compensation made to the commissioner of workmen's compensation, claimant did say that he made claim for compensation on February 16, 1928. The claimant's testimony was that the day after the accident he presented himself to a company physician for treatment. In his offer of proof he stated that in the

month of December the defendant finally refused to pay any further compensation and within thirty days thereafter the claim was filed with the compensation commissioner "as well as a written letter having been made demanding further compensation upon the defendant." In the stipulations made before the commissioner, respondents specifically denied that written claim for compensation was made. With this explanation, quotations from the commissioner's award as appear in the above-entitled opinion become more intelligible. It definitely appears that no written claim for compensation was made within ninety days from the date of injury or within ninety days after the date of the last payment of compensation. Therefore, that case does not support claimant's contention here.

In *Pribbenow v. Meeker*, 139 Kan. 325, 31 P. 2d 15, the section of the statute pertaining to written claims for compensation was under consideration, and it was there held that the times stated in R. S. 1933 Supp. 44-520a are in the alternative. And see *Lenon v. Standard Oil Co.*, 134 Kan. 289, 5 P. 2d 853. The claimant in the present case made a sufficient written demand within ninety days from the date of injury and it was not necessary that within ninety days after payments of compensation ceased that he make another written demand. But even if the statute should be construed to require two demands it would not avail the employer and the insurance carrier here.

Attention has been directed to the commissioner's holding that claimant's demand was made June 21, 1933, but that the trial court found the demand was made on March 10, 1933. In *Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, 297 Pac. 429, it was said:

"So far as this appeal is affected by controverted issues of fact, the judgment of the trial court, when based upon substantial evidence, supersedes whatever findings of fact the examiner and commission made to the contrary." (See cases cited.) (p. 808.)

In view of the court's finding, we shall assume demand was made March 10, 1933. But there was offered, by both claimant and respondent, a mass of documentary evidence consisting of letters between the employer, its insurance carrier and its counsel on the one side and the claimant and his counsel on the other, having to do with the common-law action and the right to compensation, about which letters there is no controversy respecting their having been written and received. What was the effect of the following communications? As has been noted, the insurance carrier became aware

of the common-law action and stopped payments after April 24, 1933. On May 6, 1933, claimant's counsel wrote the insurance carrier concerning the situation, saying:

"It seems now that Mr. Copeland is covered by the insurance and your company has so recognized the fact," etc.

On June 15, 1933, they wrote counsel for the insurance carrier:

"This being our view of the law, we see no reason why you should not continue paying the compensation insurance, and we insist upon your doing so," etc.

On June 21, 1933, they wrote the employer:

"The insurance company that carries the compensation insurance for your company has quit paying Mr. Copeland his compensation, and in such cases the Kansas law makes it necesary for us to make a written demand upon you for payment of said compensation, which we are doing at this time."

On July 31, 1933, they wrote the insurance carrier:

"We have had no response from you with reference to this proposition and Mr. Copeland's condition and finances are such that unless you continue payment of his compensation," etc.

On September 6, 1933, they wrote counsel for the insurance carrier:

". . . and it will be necessary for him to dismiss his case against the Banfield Packing Company and claim his compensation, if your client withholds his compensation on account of the fact that he has pending the damage suit against Banfield."

On September 18, 1933, they wrote the insurance carrier:

". . . and unless you are going to continue Mr. Copeland's compensation and do it at once, we will have to dismiss this case."

And finally, on December 28, 1933, after the common-law action had been tried, they again wrote the insurance carrier:

"This compensation is due Mr. Copeland and there will be no way that you can escape payment. We must have an answer . . . or it will be necessary that we file an action to receive an award," etc.

It thus appears that the original demand was repeated, affirmed and renewed many times, and even had claimant not filed his demand of March 10, 1933, any one of the above letters, concerning which there is no dispute, might well be held, as a matter of law, to be a sufficient demand for compensation.

It is further contended that the court erred in including moneys paid for traveling expenses, etc., in determining the weekly wage. Although the statute has since been amended, at the time of the in-

jury section 11 of chapter 232 of the Laws of 1927 (R. S. 1931 Supp. 44-511) was in force. It provided, in part, as follows:

"(d) Where the employer has been accustomed to pay to the workman a sum to cover any special expenses entailed upon him by the nature of his employment, the sum so paid shall not be reckoned as part of the earnings of the workman; nor shall tips nor gratuities received from the employer or other persons be considered or included as a part of the workman's earnings, but reasonable value of board, rent, housing, lodging, fuel or other similar advantages received from the employer as a part of the remuneration of the employee, and the value of which can be estimated in money, shall be considered and included as a part of the workman's earnings."

The testimony showed that prior to April, 1931, claimant had been employed by the respondent employer at $175 per month. The arrangement was then changed to $75 per month, with an expense allowance of $30 per week. The evidence showed and the commissioner found that of this amount claimant required $3 per day for a five-day week for meals and lodging, and that it should be computed as part of his weekly wage under the above statute. Without discussing the authority cited by appellants (*Thibeault v. General Outdoor Advertising Co., Inc.*, 114 Conn. 410, 158 Atl. 912), and whether or not he obtained or did not obtain benefit from the weekly allowance made by the employer, we are of opinion that under the statute and the facts, the trial court made no mistake in approving the finding of the commissioner that the $15 used for meals and lodging should be computed as part of the claimant's earnings.

And lastly, it is contended that the employer was entitled to full credit of $400 on account of the judgment recovered against and paid by the negligent third party and that the court erred in allowing credit only to the extent of the amount actually received by the claimant, i. e., $240. We agree. Under the statute (R. S. 1933 Supp. 44-504), the assignment to the employer was of the "cause of action in tort which the employee . . . may have against any other party," etc., and not of any amount actually received. The burden of prosecuting this action in tort was not upon the employee, and he is not entitled to expenses incurred or fees paid in so doing, at least not in the absence of some specific agreement to that effect. The employer was subrogated to the total recovery of $400, and it was error not to so hold.

The judgment of the trial court is modified to give credit to the employer for the sum of $400 recovered from the third party in the tort action, and, as so modified, is affirmed.