No. 32,996

Evert F. Hale, *Appellant*, v. Harry A. Derry, doing business as Derry's Bakery, *Appellee*.

(61 P. 2d 895)

Opinion filed November 7, 1936.

*E. M. Knight, O. Renn* and *George Templar*, all of Arkansas City, for the appellant.

*Albert Faulconer, Kirke W. Dale, C. L. Swarts, Tom Pringle* and *H. V. Howard*, all of Arkansas City, for the appellee.

The opinion of the court was delivered by

Thiele, J.: Claimant appeals from the judgment of the district court denying his claim for compensation under the workmen's com-

pensation act, his principal contention being the lower court erred in reversing the award of the compensation commissioner, as a matter of law, for the reason the trial court's finding is not supported by substantial competent evidence.

At the hearing before the commissioner it was shown that during the summer of 1934 claimant was working as a carpenter and received a bruise on or near his knee from a hammer blow. This was followed by a growth on the bones of his leg which was treated by a physician. We need not concern ourselves as to the exact' nature of this injury to plaintiff nor to the extent of his recovery. In October, 1934, claimant started to work for respondent, Derry, who conducted a bakery. Claimant was a salesman and truck operator, and his claim, which is the basis of the present action, is that on February 7, 1935, he and another employee, Reihorn, were driving the bakery truck along a country road, the truck became stuck in the mud, and while trying to get it out of the mud he got out and pushed the truck while Reihorn drove it; that Reihorn backed the truck, causing him to slip and fall, his knee striking a stone and causing injuries which resulted in his ultimately losing his leg by amputation. Claimant stated that the truck got stuck while he was driving, that he got out and pushed while Reihorn drove; that he went and got one Dobbs to pull him out; that they got stuck a second time and Reihorn pushed until he gave out and that claimant got out and pushed while Reihorn drove; that they did not push at the same time and that Reihorn drove the truck out of the mud the second time while claimant was getting a team. On cross-examination he stated clearly that it was the second time the truck was stuck that he hurt himself. Reihorn testified that on both occasions he pushed and Hale drove. On the first occasion Hale went through a pasture and got Dobbs and a team to pull them out; that on the second occasion Hale did not push, but after thirty or forty minutes left to go to a nearby town for assistance, and that after Hale left he succeeded in reversing the truck and finally getting out of the mud; that Hale did not get out of the truck at all the second time and make any effort to push, and that when Hale was down the road perhaps a hundred yards he started to get the truck out and by putting the truck in reverse he finally got it out, at which time Hale' was down the road on his way to town. We need not review the testimony with respect to claimant's first injury, whether he did or did not limp before the truck incident,

etc., further than to say there was testimony tending to support the contentions of both claimant and respondent.

The commissioner of compensation made an award in favor of the claimant. Respondent appealed, and after trial on December 23, 1935, the district court made its finding:

"That it is just as probable that claimant would have lost his leg at about the time he did lose it even though he did not sustain the injury he claims to have sustained, and that after reviewing all the proceedings introduced before the commissioner the court is of the opinion and finds that under the record of this case as made and presented to the court the award of the commissioner should be reversed and claimant denied compensation."

The claimant requested that the hearing be continued in order that he might present findings of fact and conclusions of law, which request was allowed. The matter came on again on January 10, 1936, at which time counsel for claimant announced in open court they had nothing further to present, and thereupon the court made its order that the award made by the commissioner of compensation be reversed and set aside and that claimant be denied compensation.

Appellant, in his brief, recognizes the limited jurisdiction of this court in cases arising under the workmen's compensation act, and that our only function with respect to the findings of fact as made by the trial court is to determine whether or not they are supported by substantial competent evidence. There is no contention the evidence from which the above statement is made was not competent, only that it does not support the trial court's finding. We cannot agree. The trial court had the power to find facts contrary to the commissioner's findings, as it did in this case. (*Resnar v. Wilbert & Schreeb Coal Co.*, 132 Kan. 806, 297 P. 2d 429; *Dinoni v. Vulcan Coal Co.*, 132 Kan. 810, 814, 297 Pac. 721; *Copeland v. Martin Metal Mfg. Co.*, 141 Kan. 725, 729, 42 P. 2d 982.) But where there is a conflict in the evidence, where the evidence is such as to warrant two opinions as to its probative value or the credence which should be accorded to it, we must accept as final the conclusion of the district court with respect thereto. (*Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818.) The claimant and the witness Reihorn both testified in detail as to what occurred on each occasion the truck stuck in the mud. If claimant is to be believed, he received an injury in the course of his employment; if Reihorn is to be believed, claimant did not do so. The issue was clear cut; there was substantial testimony to support a finding either way, and under the statute (R. S. 1933 Supp. 44-556) and many decisions of

this court, the finding of the trial court is conclusive here. Late decisions are: *Cornell v. Cities Service Gas Co.,* 138 Kan. 607, 27 P. 2d 228; *Shapland v. Ferguson Furniture Co.,* 139 Kan. 768, 772, 33 P. 2d 145; *Meredith v. Seymour Packing Co.,* 141 Kan. 244, 40 P. 2d 325; *Brown v. Shellabarger Mill & Elev. Co.,* 142 Kan. 476, 490, 50 P. 2d 919; *Hill v. Etchen Motor Co.,* 143 Kan. 655, 56 P. 2d 103.

It is not necessary we discuss the question whether the claimed accident hastened or speeded up a diseased condition of claimant's leg which necessitated the operation to remove it.

The judgment of the lower court is affirmed.