No. 30,532.

H. J. Willis, *Appellee*, v. The Skelly Oil Company, *Appellant*.

(11 P. 2d 980.)

Opinion filed June 4, 1932.

*W. P. Z. German, Alvin F. Molony, C. L. Swim,* all of Tulsa, Okla., and *Cliff V. Peery,* of Kansas City, Mo., for the appellant.

*Stanley Taylor* and *C. Glenn Morris,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This is a compensation case. The appeal is taken by the respondent from a ruling of the district court reversing the decisions, findings, rulings and denial of award by the commissioner of workmen's compensation and remanding the cause to the com-

missioner with directions to proceed in harmony with the findings of fact and conclusions of law made by the district court, to hear evidence of the claimant upon the question of disability, if any, and make and file findings and decision thereon.

The commissioner had heard evidence pro and con on the question of the claimant having made the necessary demand, as required by the compensation statute (R. S. 1931 Supp. 44-520a), and had limited the testimony to that question, the record showing that—

". . . the commissioner stated at the close of the hearing that, if he decided he should reserve his ruling on the question of whether or not proper demand has been made or if he found that demand had been made as required by law, then in either case the matter would be set down for further hearing and the parties notified."

Later the commissioner found that the claimant had not made the written demand required by law and "that claimant must be denied the right to proceed with the hearing herein."

The principal legal question here involved is whether the district court has jurisdiction on appeal of a compensation case to remand it to the compensation commissioner with directions to hear or admit further evidence. This question is positively answered in the negative in the first paragraph of the syllabus of the case of *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 286 Pac. 396, as follows:

"The workmen's compensation act prescribes its own procedure for a judicial review of proceedings had before the compensation commission, and on appeal the district court has no jurisdiction to remand the cause to the compensation commission to admit further evidence theretofore rejected or ignored by the commission; nor is the court authorized to hear evidence supplementing the record shown by the transcript, nor to grant a trial *de novo*."

Appellee distinguishes between the Fougnie case and the one at bar by the fact that there the evidence was offered and rejected by the commissioner, while here it was not offered because of the announced attitude of the commissioner to hear the evidence only on the one feature of demand and later on the disability feature, as made necessary by the ruling on the question of demand. This is in effect the same as a rejection of an offer, except as said in the opinion in that case that the tendered evidence might have been put in the form of an affidavit and made part of the transcript submitted to the trial court for decision, but it was not so submitted, which left that case just where this one was left by the ruling of the commissioner. In neither case did the necessary evidence reach the district court on appeal from the ruling of the com-

missioner. We adhere to the decision and the reasons given in the Fougnie case, that the province of the district court in an appeal from an award or refusal to make an award in a compensation case is not to remand the case for further proceedings, but to grant or refuse compensation or to increase or diminish the award made by the commissioner.

"On any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the commission as justice may require." (R. S. 1931 Supp. 44-556.)

The procedure adopted by the trial court was in accord with the civil procedure, but the legislature has seen fit to disregard the rules and methods of civil procedure and to substitute a system of its own, which is undoubtedly intended to be complete in itself. It was said in the case of *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233, that the legislature had provided an administrative method of passing upon such claims; that it was "substantial, complete and exclusive"; that we are not warranted in borrowing rules from the civil code not included in the act itself; that it is a new system substituting a simple summary and inexpensive remedy with special procedure, quite unlike that of the civil code.

"Where an appeal is taken to the district court from an award of compensation under section 1 of chapter 206 of the Laws of 1929, the court's jurisdiction is limited to a review of questions of law and fact which arise on the face of the record made before the compensation commission and does not extend to the consideration of testimony or matter not 'presented, had and introduced before the commission.'" (*Orendoc v. Kaw Steel Construction Co.*, 131 Kan. 366, syl. ¶ 1, 291 Pac. 952. See, also, *Walz v. Missouri Pac. Rld. Co.*, 130 Kan. 203, 285 Pac. 595.)

The appellate jurisdiction of the supreme court is limited in compensation cases to questions of law, and the question of the right of the district court to remand a compensation case to the commissioner is purely such, and therefore under the previous rulings of this court the ruling of the district court must be reversed at least as to the order to remand the case. The findings and conclusions of the district court on the question of demand, whether right or wrong, become ineffectual when they neither grant nor refuse compensation nor increase nor diminish the award, to which matters alone the jurisdiction of the district court is limited on appeal. (R. S. 1931 Supp. 44-556.)

Appellee insists that this court, under its general and inherent right to exercise a supervision over all inferior courts, can make an

order to remand if it is held to be beyond the power of the district court, but with the manifest intention of the legislature to place compensation cases in a separate class, this court should use such special supervision and control only in extreme and unusual cases.

Appellee further directs our attention to a clause in the closing part of the section on appeals in the compensation statute with reference to the authority of the supreme court, as follows:

". . . and thereafter such appeal shall be prosecuted in like manner as other appeals in civil cases . . ."

Even this would not justify a disregard of a specific limitation of jurisdiction on appeal.

The trouble in this case, as it appears to us, arose in the hearing before the commissioner when he was evidently thinking of the usual civil procedure to an extent that he temporarily lost sight of the special and specific procedure prescribed for compensation cases. While under R. S. 1931 Supp. 44-556 appeals may be taken from any and all decisions, findings, awards or rulings of the commissioner to the district court, yet there is no provision for taking an appeal on any such adverse ruling during the progress of the hearing as there is under the civil code. R. S. 1931 Supp. 44-534 outlines the duties of the compensation commissioner in the matter of hearing the application of the claimant as follows:

". . . the commission shall forthwith mail a certified copy of said application to the adverse party and proceed, upon due and reasonable notice to the parties, which shall not be less than twenty (20) days, to hear all evidence in relation thereto and to make findings concerning the amount of compensation, if any, due to the employee."

Why should he hear all the evidence? Simply because the statute requires it and this is an administrative method of determining the existing rights of the claimant and the respondent based upon a contract, and also to afford the court on appeal as to the law and the facts an opportunity to grant or refuse compensation, and to increase or diminish the award. Without all the evidence bearing on the question involved the district court cannot exercise its right and duty under an appeal. In declining to hear evidence as to the disability of the claimant, the commissioner failed to hear all the evidence in relation to the controversy and to make findings concerning the amount of compensation, if any. The reason given by the commissioner during the progress of the hearing, as above quoted, was undoubtedly in the interest of economy of time, but it

deprived the parties interested of an opportunity of effectual appeal. In fact, the hearing of only one branch of the controversy prevented an appeal. With the evidence in on both branches of the case the decision on one branch may dispense with the necessity of making a finding or decision on the other branch. But the commissioner should hear all the evidence, that is, the evidence on all points involved, and until that is done and a ruling made the case is not ready for appeal, but still stands as a case only partly heard and tried before the commissioner. The appeal attempted was not an effective one. It has accomplished nothing for either of the parties. They both stand where they were when it was discontinued before the commissioner with the evidence heard only on one branch of the case. When the hearing on all branches involved is concluded and a ruling is made thereon the case will be subject to appeal.

The judgment is reversed and the attempted appeal from the ruling of the compensation commissioner is set aside because the hearing before the commissioner was unfinished and incomplete.