476

No. 32,116

Ira E. Brown (Claimant), *Appellee,* v. The Shellabarger Mill &
Elevator Company (Respondent) and The Globe Indemnity
Company (Insurance Carrier), *Appellants.*

(50 P. 2d 919)

 Opinion filed
November 9, 1935. 

C. W. Burch, B. I. Litowich, La Rue Royce, L. E. Clevenger and E. S. Hampton, all of Salina, for the appellants.

John J. McCurdy, of Lincoln, and Harry C. Bowman, of Newton, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by the respondent and insurance carrier from a judgment and award of the district court in a workmen's compensation case.

The material facts are: Respondent owns and operates a flour mill in the city of Salina, and a line of country elevators through western Kansas. The claimant had been an employee of the respondent for approximately thirteen years prior to his accidents. The accidents herein mentioned occurred at respondent's elevator at Lucas. The first accident occurred on June 15, 1931, when claimant fell from a ladder while attempting to attach a spout at the elevator. As a result of this fall he sustained a traumatic incomplete right inguinal hernia. Traumatic hernia is a scheduled injury under the workmen's compensation act. The compensation allowed therefor is sixty (60) percent of the average weekly wage during twelve weeks. The average weekly wage of claimant was $25. The scheduled compensation for traumatic hernia was, therefore, $180.

On October 12, 1931, claimant, while carrying a sack of feed out of the elevator, slipped and fell against an automobile. This accident resulted in a strangulated hernia on the same right side. Strangulated hernia is not a scheduled injury under the act. He was brought to Salina on the night of October 12 and an operation was performed on October 13. He remained in the hospital until October 30, when he returned to work for respondent. On January 25, 1932, claimant made application for compensation with the commissioner for the first injury of June 15, 1931. The only mention in that application concerning his second injury of October 12, 1931, is found in the following portion of that claim:

"Date of accident—June 15, 1931 . . . Cause of accident—spout falling from side of elevator. Nature and extent of injury—hands and limbs bruised and cut, injury to side causing operation for hernia on October 13, 1931. . . . Date quit work on account of injury—October 12, 1931."

No question is raised as to notice or demand for the first injury nor concerning the finding and award of the commissioner concerning the same. This appeal involves the second injury and claimant's right to compensation therefor.

On February 18, 1932, a hearing was had before the examiner. At this hearing claimant suggested to the examiner in substance that he did not know how the examiner desired to interpret the application, but that there was involved the question of a second accident on October 12, and that evidently the application to the commission was meant to cover both accidents. Respondent, appellant here, objected to the introduction of evidence concerning the second injury for the reason that no report had been made concerning the same and further raised the question as to whether an application for the second injury had been made to the commission. Claimant contended that whether an application had been made to the commission depended upon the interpretation of the application to which we have previously referred. The examiner overruled the objection and permitted the introduction of evidence as to the second injury.

On March 11, 1932, the examiner made and filed his findings and the award. The findings and award were approved and confirmed by the commissioner on the same day. The findings dealt solely with the first injury of June 15. The award was in payment of compensation for the scheduled injury of traumatic hernia. It ordered the award in the sum of $180 paid in a lump sum and also ordered payment for medical attention in the sum of $8. No findings and no award were made either allowing or denying compensation for the second injury of October 12, 1931. No finding or award was made either allowing or denying the hospital bill in the sum of $90.70, or surgeon's bill for operation as a result of the second injury, in the sum of $210. The only reference made to the injury of October 12 is found in the history of the case. The history relates claimant testified that on the 12th day of October he sustained another injury to his right side. The history shows this injury was diagnosed as strangulated hernia, that an operation had been performed on October 13, that he remained in the hospital until October 30, that while in the hospital he was called upon by Mr. Richter (who was a representative of the respondent company), and that no demand for compensation was made for any injury on October 12, and that nothing was ever said about this accident to anyone connected in a responsible way with the respondent until

a few days before the hearing. The history portion of the commissioner's report does not state whether claimant sustained a strangulated hernia on October 12, in the course of his employment. As previously stated, no findings were made concerning the injury of October 12. The award dealt solely with the first injury of June 15. On March 26, 1932, the insurance carrier paid the award in full by draft. The draft was for the sum of $180 and expressly provided as follows: "For all injuries received by him on or about the 15th day of June, 1932." Above the indorsement on the back of the draft appears the following: "I accept this draft in full payment of compensation due me as stated on the face hereof."

Claimant executed a final receipt and release containing a similar recital which was filed with the commissioner on April 4, 1932. On April 22 claimant filed an application with the commissioner to set aside the award and the release on the grounds of mutual mistake, fraud and gross inadequacy, and requested that claimant be permitted to amend his application for compensation theretofore filed and that he be granted an award for additional compensation. On April 25 he filed an application for compensation with the commission based upon the injury of October 12, the same being for a strangulated hernia, resulting in mental impairment; injury to scrotum, testicles; weak spells; impaired movement of lower extremities; permanent injury to right side and groin and abdominal injuries to nerves, muscles and tissues, continued pain and inability to perform manual labor; severe swelling in scrotum. The application for compensation based upon the second injury was set for hearing on May 20. At that hearing respondent objected to any consideration of claimant's motion to set aside the former release. and filed a motion to dismiss both claimant's motion to set aside release and claimant's application based on injury of October 12. Briefly stated, the grounds for respondent's motion to dismiss claimant's application to set aside the release and to modify the former award were that the commission was without jurisdiction to review, modify or cancel its former award, in that the award was based upon a scheduled injury and that payment had been accepted and release of liability had been filed.

Respondent further contended that the only remedy available to claimant was by appeal within twenty days from the date of the award, to wit: March 11, 1932. As grounds for respondent's motion to dismiss claimant's new application for compensation as to

the injury of October 12, they contended that evidence had been introduced over their objection concerning this injury at the former hearing and that the examiner had permitted the introduction of such evidence over their objection; that in the award of March 11, 1932, the commissioner made an award to the claimant for an inguinal hernia and made a finding of fact that the said hernia was sustained as a result of an accident on June 15, 1931, and that the commissioner made a further finding that claimant had not made demand for compensation for any injury occurring on October 12, 1931, and that claimant had not, until a few days before said first hearing, made any mention of an accident on October 12, to anyone connected with the respondent. As above stated, the foregoing constituted respondent's contentions.

Respondent further contended that the hernia referred to in plaintiff's application for compensation filed on April 25, 1932, was the same hernia that is referred to in plaintiff's first application for compensation. Respondent further contended that the commission was without jurisdiction to hear claimant's last application for compensation filed on April 25, 1932, for the reason that the matters *were adjudicated* by the commissioner on March 11, 1932, and that claimant's only remedy as to the award of March 11, 1932, was by appeal to the district court within twenty days from that date. In support of respondent's motions, they offered in evidence the entire record of the former hearing to and including the last application for compensation filed by claimant. Claimant offered no evidence on his application to set aside the award, the final receipt and release and for additional compensation. He announced that he was not standing upon the motion to set aside the final release, but was standing upon the transaction of October 12. Thereupon the examiner proceeded to hear evidence concerning the injury of October 12. Respondent objected to the introduction of any evidence for the reasons stated in the motions and for the further reason that this matter *had been adjudicated* before the commission and that the commission had no further jurisdiction. The examiner stated that he would reserve his ruling. Evidence was introduced by claimant concerning written demands upon the employer for compensation as to the injury of October 12, and evidence was also introduced as to the strangulated hernia suffered on October 12, together with resulting physical disability which was not sustained by the injury of June 15. On June 18, 1932, the commission made and filed its

findings and award concerning the second hearing of May 20. The findings made were:

"In addition to the admission of the parties it is found that the claimant's average weekly wage was $25; that respondent had ten-day notice of the accidental injury on June 15, 1931; that claim for compensation was made as required by law on September 3, 1931; that the claimant met with personal injury by accident arising óut of and in the course of his employment with respondent by receiving a traumatic, incomplete inguinal hernia, and compensation should be paid for twelve weeks, and the ·medical services of Doctor Smith in the amount of $8 should be paid; that if the claimant met with personal injury by accident arising out of and in the course of his employment on October 12, 1931, that *no written demand for compensation* was made within ninety days after the alleged accidental injury; that the motion of the respondent and insurance carrier questioning the jurisdiction of the commission to hear the claim filed on April 25, 1932, and motion to set aside final release and award, filed April 22, 1932, should be sustained *for the reason that all the matters had been fully determined by the commission.*"

The award made gave claimant the identical compensation given under the first award, to wit: $180, the amount due for the scheduled injury of traumatic hernia and $8 for medical services. The findings and award were labeled, "Modification of award and rehearing."

On July 5 claimant filed a motion requesting that the commissioner change the title of the findings and award made on June 18 from "modification of award and rehearing," to "hearing on claim for compensation of Ira E. Brown, as filed before said commissioner on April 25, 1932," or such other appropriate heading or title as would speak the truth and disclose to the appellate court the true nature of the proceedings.

Claimant further requested that the commissioner strike from the history of his report that portion dealing with the motion of claimant to set aside the previous award, agreement and final receipt and for additional compensation for the reason that at the time of the hearing on May 22 the examiner was informed that the hearing on that date was upon the claim of October 12, and that no evidence would be offered concerning the accident of June 15, and that none was offered. Claimant further asked in substance that all mention of any claim of June 15 contained in the stipulation be stricken out and the date of October 12 be inserted, for the reason that the examiner knew that the hearing and stipulation related solely to the injury of October 12, and that all claim for modification of any

award relating to June 15 was openly withdrawn and that the papers relating to modification of the award of June 15, 1931, were not for consideration in the present case. Claimant further asked that the commissioner strike from said award or finding all reference to June 15 insofar as the same conflicted in any manner with the facts and circumstances of the accident and claim of October 12. This motion of claimant was filed and denied on July 5. Thereafter, and on July 5, claimant duly filed notice of appeal to the district court.

Respondent and insurance carrier filed a motion in the district court to dismiss the appeal on the ground that the district court had no jurisdiction to hear it. The contentions in support of the motion in substance were: All matters were previously heard and award thereon was made March 11, 1932; the award was a complete adjudication of claim for injuries sustained on October 12; the award was paid and no appeal was taken as required by the act; the commission had no jurisdiction to modify the award. The motion was overruled. The trial court made the following findings of fact and conclusions of law:

"FINDINGS

"1. For a long time prior to June 15, 1931, Ira E. Brown had been employed by the Shellabarger Mill & Elevator Company as manager of its grain elevator at Lucas, Kan.

"2. On June 15, 1931, said Ira E. Brown sustained an injury arising out of and in the course of his employment by falling off a ladder while attempting to replace an old elevator spout with a new one resulting in a laceration of his hands and an injury to his right side nearly, but not quite, producing a hernia. The physician and the commissioner described the injury as an 'incomplete inguinal hernia.'

"3. Said Ira E. Brown as a result of said injury was advised by his physician, Doctor Smith, of Lucas, to rest for a time and accordingly laid off from work for a period of nine or ten days; his hands were dressed by said physician and he made about four calls upon his physician as a result of his injuries.

"4. His last visit to his physician on account of this injury was made on June 23, 1931, and soon thereafter he returned to his work as manager of said elevator and carried on his work until October 12, 1931, at which time he had apparently fully recovered from the injury which he had received on June 15, 1931.

"5. On October 12, 1931, said Ira E. Brown sustained an injury arising out of and in the course of his employment by slipping and falling against an automobile while carrying a 100-pound sack of shorts which he was delivering to a customer of said elevator company; said fall caused another injury to his right side and produced at once a strangulated inguinal hernia.

"6. On the night of October 12, 1931, Ira E. Brown was taken from his home in Lucas, Kan., to a hospital in Salina, Kan., and on October 13 underwent an operation for the hernia and remained in the hospital until October 30, 1931, when he was taken back to his home in Lucas, Kan.; the reasonable charges of the surgeon for said operation were $210 and the reasonable hospital charges were $90.70; Doctor Smith, of Lucas, who was called by claimant on the evening of October 12 made a charge of $2 for said call.

"7. The proximate cause of the necessity for said operation was the injury which Mr. Brown received on October 12, 1931. The injury of June 15, 1931, may have been a contributing cause, but if so it was a remote cause, and merely created a condition in the right side from which a hernia might be apprehended from a further slight injury.

"8. On September 3, 1931, Ira E. Brown made a written claim for compensation on account of said injury sustained by him on June 15, 1931, but erroneously stated the date of the accident as May 15, 1931.

"9. Within less than ten days after the accident of October 12, the Shellabarger Mill & Elevator Company received notice of said accident and of the time and place and particulars thereof.

"10. On November 4, 1931, Ira E. Brown made written claim for compensation upon his employer by letter marked 'Exhibit F'; and again on January 7, 1932, Ira E. Brown made further written claim for compensation by letter to his employer marked 'Exhibit I'; both these letters refer specifically to the surgical and hospital bills which accrued on account of the injury of October 12, 1931, and both of them were written and received within 90 days after that accident. Mr. Brown also made written claim for compensation to the workmen's compensation commission on October 15, 1931, by letter of that date marked 'Exhibit A.'

"11. On the 25th day of January, 1932, Ira E. Brown filed with the workmen's compensation commission an application for the determination of the compensation due to him on account of his injury of June 15, 1931, in which there was no reference to any injury sustained by him on October 12, 1931.

"12. This application was heard by Hon. John W. Wood, an examiner for the commission at Russell, Kan., on February 18, 1932. On the hearing the claimant offered evidence as to the accident and injury of October 12; the defendants objected to the offered testimony because no such accident had been reported; that no claim was made for any such accident, it was not pleaded and was not mentioned in the claim and that the claim made was for compensation due on account of an injury June 15, 1931. The examiner reserved his rulings on these objections, but heard the evidence.

"13. On March 11 the commission awarded to the claimant $180, the amount due him for the scheduled compensation for traumatic hernia, and' the further sum of $8 to Doctor Smith, of Lucas, for medical services accrued within sixty days, on account of the injury sustained by claimant June 15, 1931.

"14. In its preliminary statement of the 'History' of the case the commissioner says: 'No demand for compensation was made for any injury on October 12, and nothing was ever said about any accident on that date to anyone connected in a responsible way with the respondent until a few days before the hearing.' No reference was made in the findings of the commis-

sioner nor in the award made by the commissioner to the injury, or alleged injury, of October 12. The claimed injury of October 12 was simply ignored in the decision, with the exception of the foregoing reference in the history of the case; at the time of the hearing oral testimony was admitted concerning the written demand made November 4, 1931, but apparently the writing itself was not at that time produced; the written demand of January 7, 1932, was, however, offered in evidence.

"15. On March 26, 1932, the Globe Indemnity Company paid the award of $180 made to Ira E. Brown on March 11, 1932, by draft of that date reciting that the award was 'for all injuries received by him on or about the 15th day of June, 1931,' and said claimant executed a final receipt and release containing a similar recital, which was duly filed with the workmen's compensation commission on April 4, 1932.

"16. On April 25, 1932, the claimant, Ira E. Brown, filed with the workmen's compensation commission an application for compensation on account of the injury sustained by him of October 12, 1931, which was set for hearing at Russell, Kan., on May 20, 1931.

"17. On May 20, 1932, the insurance carrier filed a motion to dismiss said claim for the reason that the compensation commission was without jurisdiction to consider the same because all matters contained in said claim were considered by the commission in the hearing of February 18, 1932, and included in the finding, decision, and award of the commission made and filed on March 11, 1932, which award was paid in full on March 26, 1932.

"18. The examiner reserved his ruling on this motion and heard evidence as to the extent of the claimant's injuries on October 12, 1931, from which the court finds that in addition to the traumatic hernia the claimant received a permanent partial disability, not covered by the schedule, which has impaired his earning capacity 50 percent.

"19. On June 18, 1932, the workmen's compensation commission rendered its decision on the claim for injury on October 12, 1931, in which it modified its award of March 11, 1932, by including in its findings a part of the 'history' of the case stated in the award of March 11, 1932, as follows: 'That if the claimant met with personal injury by accident arising out of and in the course of his employment on October 12, 1931, that no written demand for compensation was made within ninety days after the alleged accidental injury'; and the further finding that 'all the matters had been fully determined by the commission.' The commission then sustained the motion of the insurance carrier to dismiss the claim.

"20. On July 5, 1932, the claimant appealed to the district court from the order of the commission modifying its findings and award of March 11, 1932, and from its order sustaining the motion of the respondent and insurance carrier to dismiss said claim for want of jurisdiction, and from all other orders of the commission of June 18, 1932."

## "Conclusions of Law

"1. The objection of the insurance carrier on February 18, 1932, to any evidence concerning any injury to claimant on October 12, 1932, was perfectly good; the insurance carrier did not in any way waive said objection nor in any

way consent to any enlargement of the issues then before the examiner; the only issue at that time before the examiner for hearing was concerning an alleged injury to claimant on June 15, 1931.

"2. Although the examiner did, over objection, hear some evidence on February 18, 1932, with reference to an alleged injury to claimant on October 12, 1931, nevertheless the award made on March 11, 1931, is not under the circumstances an adjudication of the alleged injury of October 12, 1931.

"3. The commission's modification on June 18, 1932, of the award made on March 11, 1932, did not have any retroactive effect so as to cut off plaintiff's right to appeal from the award of March 11, 1932, as modified on June 18, 1932; the modification of June 18, 1932, changed the legal effect of the award made on March 11, 1932, and as modified showed that the examiner and the commission had considered the evidence of an injury to claimant on October 12, 1931, and had rejected the claim on its merits.

"4. Where a workman who is entitled to the benefits of the workmen's compensation act receives two successive injuries on different dates and makes written claims for compensation after each injury, his written demands need not state the date of the accident for which he is claiming compensation.

"5. The claimant is entitled to $100 for medical, surgical and hospital treatment on account of his injury of October 12, 1931, and for his permanent partial disability he is entitled to compensation for 415 weeks at the rate of $7.50 per week, of which $780 should be paid in a lump sum and the remainder at the rate of $7.50 per week, subject to the provisions of section 28 of the compensation act. Judgment will be rendered accordingly."

Judgment was entered thereon on October 24, 1934; and upon the same day notice of appeal was duly filed by the respondent and insurance carrier.

Specifications of error will be considered in the course of the opinion.

It may be well to clarify a few points here before we enter the consideration of the merits of the appeal. It should be noted that the first injury of June 15 was designated as traumatic *incomplete* inguinal hernia. Traumatic hernia is specifically scheduled under the compensation act. The schedule does not distinguish between a complete and an incomplete hernia. It is simply scheduled "traumatic hernia." The record indicates no complaint or dispute concerning the fact that the first injury designated traumatic *incomplete* hernia was compensated in the same manner as traumatic hernia is compensated under the schedule. We are not deciding they are the same. We simply say they were apparently treated as the same. The first injury having been adjudicated and paid is not in dispute.

Strangulated hernia or the complications probably resulting therefrom as disclosed by the evidence, which were the result of the

second injury, are not specifically scheduled in the act. Medical testimony as to the difference between the two injuries is seriously lacking in the record before us. The trial court, however, found that in addition to the *traumatic hernia* the claimant received a *permanent partial disability*, not covered by the schedule, which has impaired his earning capacity fifty percent. (Finding 18.) That finding is conclusive here.

There is no complaint made here concerning the amount allowed for the second injury. The contention of appellants is that under the circumstances and procedure followed by claimant, he cannot recover for the second injury.

Appellants have ushered their contentions under three main headings. We shall consider them in the order stated.

Appellants say the first question for determination is whether the findings, decision and award of March 11, 1932, were a final determination of the claimant's right to compensation on account of his accidents of June 15, 1931, and October 12, 1931, or only a determination of his right to compensation on account of his accident of June 15, 1931.

It is appellant's contention that the application presented to the commission at the first hearing on February 18, 1932, was for compensation on account of both accidents and that all claims for compensation on account of both accidents were duly considered by the commission and fully and finally determined in the findings, decision and award made and filed by the commission on March 11, 1932.

The foregoing contention is, first, that the commission considered the second injury in the first hearing; second, that the commission by its *findings, decision and award* of March 11, 1932, made *full* and *final determination* of claimant's right to compensation for his second injury. The fact that evidence was introduced at the first hearing concerning the second injury is not in dispute. Under the provisions of our compensation act it was the duty of the examiner to hear the evidence, even though he entertained doubt about its competency, in order to make a full record as a basis for review. This was his duty because the act requires it. (*Willis v. Skelly Oil Co.*, 135 Kan. 543, 11 P. 2d 980.)

The second contention of appellants that the commission by its *findings, decision* and *award* had fully and finally determined the right of the claimant to compensation for the second injury requires examination of the record. The trial court found not only that the

commission made *no findings* and *no award* concerning the second injury in its award of March 11, 1932, but found further that the commission made *no reference* in its *findings* and *award* to the injuries of October 12. (Finding 14.) The only injury mentioned in the *findings* of March 11, 1932, is the first injury of June 15. It finds that compensation should be paid for twelve weeks for the first injury and the award is made in favor of claimant for twelve weeks at $15 per week or $180, which it ordered paid in a lump sum. The *award* further orders the payment of $8 for medical attention incurred as a result of the first injury. The *findings* and *award* both deal *exclusively* with the first injury. No mention or reference is made in them of the second injury. The draft in payment of the award is for $180, and expressly provides that it is in payment of the injuries sustained by claimant on the *15th of June*, which was the date of the first injury. Above the indorsement on the back of the draft appears the following statement: "I accept this draft in full payment of compensation due me as stated on the face hereof." The release contained similar recitals and was limited to the injury of June 15.

The only reference to the second injury is found in the *history* of the first injury. The history does not make a finding that the claimant *was injured* on October 12. It simply states that claimant *testified* he was injured on October 12.

Section 34 of chapter 232 of the Laws of 1927 provides:

"The *award, finding, decision* or *order* of an examiner when approved and confirmed by the commissioner and filed in the office of the commissioner, shall be deemed to be the *award, finding, decision* or *order* of the commissioner." (Italics ours.)

Appellants are correct in stating that they objected at the first hearing to any evidence being offered concerning the second injury. The examiner heard the evidence over the objection of respondent, but made *no findings* or *award* either *allowing* or *denying* compensation for the second injury.

Appellants say the district court apparently was not familiar with the rule under the compensation law, namely, that if no claim for compensation is made in the time and manner provided by the act, no award can be made. It is true that no affirmative award allowing compensation can be made under those circumstances, but it does not follow that an award is not made under the rules of the commission. The proper finding or award under such circumstances

is, "award denied." Such is the general practice of the commission when it denies an award. When the commission ruled upon the second injury after the hearing of June 18, 1932, it made its award and said, "award denied." A question of law is presented for our determination. It is, whether the finding of the trial court that no finding or award was made on March 11, 1932, concerning the second injury, is correct. We are obliged to concur with the finding of the trial court that no reference was made in either the *findings* or *award* of March 11, 1932, concerning the second injury. We are further obliged to hold that on the face of those findings, award, draft and release, there was no final decision or adjudication of any injury except the first injury of June 15.

2. Appellants say the second question is, Did the commission or district court have jurisdiction to review or modify the decision and award of March 11, 1932?

On April 22, 1932, claimant filed with the commission his motion to set aside the previous award, release and settlement. On April 25 claimant filed his separate application with the commission for compensation on the second injury of October 12. The hearing on this application was set for May 20. At that hearing claimant announced to the examiner that he was not relying upon the motion to set aside the former release, award and settlement and that he would offer no evidence in support of that motion. He offered no evidence on the motion. He further stated that he was standing on his application for compensation for the injuries of October 12. We therefore need not discuss the question of whether the commission had jurisdiction to review or modify its previous award.

Claimant was thereafter standing upon his right to compensation for the second injury alone, separate and distinct from the first injury. The district court was not obliged to review or modify the first award. The district court was obliged to review the decision and award of the commission made on June 18, 1932, which decision and award were based on the hearing concerning the second injury.

3. The third question raised by appellants is, Under the facts in this case, did the commission or district court have jurisdiction to make an award under the last application filed April 25, 1932?

It is appellants' contention that claimant's right to compensation for the second injury had been fully determined and adjudicated by the findings and award of March 11 and that claimant's remedy was by appeal from those findings and that award. Appeal from

what? Claimant did not seek an appeal on the award of March 11 as it pertained solely to the first injury. No findings, no award, no final ruling, no *decision* was contained in that award allowing or denying compensation for the second injury. The findings and award simply ignored the second injury. (Finding of trial court No. 14.)

Section 42 of chapter 232 of the Laws of 1927, as amended by chapter 206 of the Laws of 1929, reads:

"Any party to the proceedings may appeal from any and all *decisions, findings, awards* or *rulings* of the commission to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commission." (Italics ours.)

The case of *Willis v. Skelly Oil Co.*, 135 Kan. 543, 11 P. 2d 980, involved the duty of the commissioner to hear all evidence pertaining to the case and to make findings concerning the same. In discussing the subject of when a case before the commission was concluded and subject to appeal, this court said:

"When the hearing on all branches involved is concluded and *a ruling is made thereon* the case will be subject to appeal." (p. 547.) (Italics ours.)

In the instant case the findings and award contain no ruling as to the injury of October 12. Even in the history of the case the record discloses that no finding was made as to whether claimant sustained an injury on October 12. It simply says that claimant *testified* that he sustained such injury.

In the case of *Willis v. Skelly Oil Co.*, supra, the commissioner stopped the proceedings after having received evidence on the subject of a written demand and did not take testimony on the subject of the injury. His thought was that if it was decided that his ruling on the question of demand was correct, then there would be no occasion for taking evidence as to the injury. This court said he was obliged under the provisions of our compensation act to take all of the testimony and make *findings* and rulings thereon in order to make it subject to appeal. In that case the commission did make a specific finding that written demand had not been made. In discussing the necessity for making a definite *decision* on each branch of the case the court said:

"With the evidence in on both branches of the case, the *decision on one branch may* dispense with the necessity of making a finding or decision on the other branch. But the commissioner should hear all the evidence, that

is, the evidence on all points involved, and until that is done and a *ruling made,* the case is not ready for appeal, but still stands as a case only partly heard and tried before the commissioner." (p. 547.) (Italics ours.)

In the instant case no *decision, no ruling,* was made on March 11, 1932, whether claimant did or did not sustain injury on October 12. Nor was there a *decision* or *ruling* on the subject of whether claimant made written demand for the injury of October 12. The only reference to the demand feature is contained in the history of the case. Clearly the case as to the injury of October 12 was not subject to appeal.

The commission must have realized it had made no findings, no award and no decision in its award of March 11 concerning the second injury. On June 18, 1932, it made its award on the hearing of May 20 concerning the second injury. This time the commission made findings denying an award for the second injury. Its grounds for denial were three. The first was that no written demand had been made as required by law. The district court found such written demand had been made on the employer for the second injury within ninety days after that injury. (Finding 10.) This court in compensation cases is limited to questions of law. (*Willis v. Skelly Oil Co.,* 135 Kan. 543, 11 P. 2d 980.) The finding of the district court on the subject of demand is based upon substantial, competent evidence. Therefore as to the question of demand there is not even a question of law presented for review. (*Cornell v. Cities Service Gas Co.,* 138 Kan. 607, 27 P. 2d 228.)

The second reason given by the commission for denying compensation for the second injury in its award of June 18 was that the commission had no jurisdiction to hear the motion of claimant to set aside the award of March 11 and the release filed by claimant after accepting payment for the injury of June 15. As previously indicated there was no need for a ruling by the commission on that subject as claimant had voluntarily withdrawn his motion concerning that matter.

The third reason given by the commission for denying claimant compensation for his second injury was that the injury of October 12 had been fully determined in the previous award. We have heretofore indicated that we think otherwise. Appellants have presented an able brief in this regard and on all other aspects of the case. Numerous decisions are cited. They have all received studious consideration. They are cases in which the findings and award

specifically allow or specifically deny compensation. It is clear they do not quite reach the point at issue here. No cases are cited, however, and we have found none, in which it has been held that the rights of claimant are determined or adjudicated where no final decision is made by the commission. No cases have been cited, and our search has disclosed none, in which it has been held that an appeal may be predicated upon the record of the commission in which the findings or award contain no final decision or final ruling upon *any of the necessary elements* of the claim. The case of *Willis v. Skelly Oil Co.* holds squarely the contrary.

The result is claimant was without the remedy of appeal from the award of March 11 in regard to the second injury. The lack of the remedy of appeal was not his fault. He asked that the evidence of the second injury be heard at the first hearing. It was heard, but no appealable findings or award were made.

Now, shall it be said that by reason of this fact claimant must go uncompensated for an injury which has resulted in a fifty percent permanent disability? We think not. He filed his application for the second injury with the commission on April 25, 1932.

The commission for the first time made an appealable decision with regard to claimant's second injury. This time a decision was made. It was "award denied," and for the reason heretofore discussed. Claimant appealed. The district court found in his favor. We see no good reason for disturbing the judgment rendered. It is affirmed.

BURCH, C. J., not sitting.