No. 42,597

Mrs. Darlene Landes, Widow, and Donna D. and Brenda M. Landes, Minor Dependents of Harvey Landes, Deceased, *Appellants* and *Cross-Appellees,* v. R. L. Smith, d/b/a R. L. Movers, *Appellant* and *Cross-Appellees,* and Exchange Casualty and Surety Company, *Appellee* and *Cross-Appellant.*

(368 P. 2d 802)

Opinion filed January 20, 1962.

*John R. Oliver,* of Kansas City, argued the cause, and *J. Milton Sullivant, Lewis C. Smith, Gerald L. Rushfelt,* and *Clifford T. Mueller,* all of Kansas City, were with him on the briefs, for Mrs. Darlene Landes, Widow, and Donna D. and Brenda M. Landes, Minor Dependents of Harvey Landes, deceased, Appellants and Cross-Appellees.

*John R. Fisette,* of Kansas City, argued the cause and was on the briefs for R. L. Smith, Appellant and Cross-Appellee.

*J. D. Lysaught,* of Kansas City, argued the cause, and *J. E. Schroeder, Lee E. Weeks, Leonard O. Thomas, Richard Millsap, Robert H. Bingham,* and *Ervin G. Johnston,* all of Kansas City, were with him on the briefs for the Exchange Casualty and Surety Company, Appellee and Cross-Appellant.

The opinion of the court was delivered by

Parker, C. J.: This is a workmen's compensation case brought by the claimants, the widow (Darlene Landes) and two minor children (Donna D. and Brenda M. Landes) of a deceased workman (Harvey Landes), against the decedent's employer. R. L. Smith is named as the employer and respondent and the Exchange Casualty and Surety Company is named as the insurance carrier. An appeal was taken to the district court by the insurance carrier from the award of the Commissioner finding and denominating it to be the insurance carrier.

The district court found there was no record that the insurance carrier had notice of the hearings held before the Workmen's Compensation Examiner on November 17 and December 8, 1960; no evidence taken with respect to the validity of the insurance policy; and then rendered a judgment wherein it remanded the case to the Workmen's Compensation Commissioner "to determine the equitable defense raised by the insurance carrier, namely: of the existence or not of a valid insurance policy at the time of the accident."

All parties involved have appealed from the judgment of the district court. For the purpose of avoiding the confusion which will arise if we attempt to designate such parties as appellants and cross-appellees, appellant and cross-appellee and appellee and cross-appellant, they will be identified as their names appear in the award of the Workmen's Compensation Commissioner.

As neither the amount nor the propriety of the award is questioned, so far as it affects the employer, it will be necessary for us to review only such facts as reflect on the liability of the Exchange Casualty and Surety Company as the insurance carrier.

The employee was injured from an accident occurring between 6:15 and 6:45 a. m. on July 12, 1960. He died at 7:50 a. m. of the same day. Notice of claim and application for hearing were served on the employer September 16, 1960, and a copy was mailed to the Workmen's Compensation Commissioner. The case was set for hearing on November 10, 1960, and continued for hearing to November 17, 1960, before one of the Workmen's Compensation Examiners. On the date last mentioned claimants' counsel requested, and procured, permission to include the name of the Exchange Casualty and Surety Company on the claim with their agent being Felton T. Payne. On the question of notice to the insurance carrier John R. Fisette, the employer's counsel, made the following statement:

"I have a typewritten letter, sent to the agent, Mr. Felton T. Payne, 907 North Eighteenth Street, Kansas City, Kansas, dated as of October 13, 1960, as agent for Exchange Casualty of Detroit, *In re Darline Landes et al. versus R. L. Smith, d/b/a R. L. Movers*, Docket No. 39,187. 'Dear Sir: As per your telephone request as of this date I am forwarding for your consideration, notification of suit before the Workmen's Compensation Commissioner and also the notice of hearing setting this matter for hearing on Thursday, the 10th day of November, 1960, at 1:30 p. m. I have visited briefly with Mr. Smith relative to this and he advises me that he has a standard Workmen's Compensation employer's Liability Policy and the number is W. C. 1278, with

the Exchange Casualty and Surety Company and this is a report as required by the policy, of accident involving the death of this employee as above mentioned. Your consideration given this matter will be greatly appreciated and I will await your reply. Yours truly, John R. Fisette, Attorney-at-Law.' I sent that letter."

Statement of the Examiner:

"What was the date of the letter?

"JOHN R. FISETTE: October 13, 1960, sent it by the U. S. Mail and received no reply; that was the agent that issued the policy. I take it that that is notice that there is a matter pending before this Commission."

As no appearance was made for the insurance carrier at the hearing on November 17, 1960, further hearing of the cause was continued to December 8, 1960, and held on that date although the insurance carrier was not represented. At this hearing the insurance policy in question was introduced as an Exhibit showing the policy period to be from July 12, 1960, to July 12, 1961, 12:01 a. m. standard time at the address of the insured. The extent of the coverage under its terms is not in dispute. There was evidence the policy had not been cancelled and was in full force and effect at the time of the hearing. The examiner found that the insurance carrier had notice of the proceedings and made an award against the respondent employer and his insurance carrier, the Exchange Casualty and Surety Company. This award was approved by the Workmen's Compensation Commissioner on the 4th day of January, 1961. Thereafter, and on January 20, 1961, the insurance carrier filed its notice of appeal to the district court. The action taken by the district court has been heretofore stated and will not be repeated.

At the outset we are met with the insurance carrier's challenge of the right of the employer to be heard for the reason that he did not comply with Rule 5 of this court by filing separate specifications of error. The employer filed the first appeal from the judgment of the district court and subsequent appeals were filed by the claimants and the insurance carrier in the order noted. The employer did not file an abstract but did file with this court a written instrument, accepting and concurring in the abstract filed by claimants. Claimants' abstract does contain specifications of error complying with the requirements of Rule 5. It would serve no useful purpose to discuss the question as to whether or not the employer in accepting and concurring in the abstract filed by claimants, also accepted and concurred in the specifications of error contained in such abstract. Both the employer and the claimants present the same contentions and make like arguments in their separate briefs.

Therefore, eliminating the employer from this appeal would neither enlarge nor diminish the legal questions to be considered by this court on appellate review.

The claimants and the employer contend that the district court erred in remanding the case to the Workmen's Compensation Commission for further proceedings. This contention has merit and must be upheld. The Workmen's Compensation Act provides its own appeal procedure. The district court on appeal considers the matter *de novo* upon the record taken by the Commissioner; it weighs the evidence and is required to consider the case as if it were one of first impression; and its jurisdiction in compensation cases is simply its power to grant or refuse compensation or to increase or diminish any award made by the Commissioner as justice may require. See, e. g., *Coble v. Williams,* 177 Kan. 743, 282 P. 2d 425; *Neff v. Henry Wagner Transport Co.,* 177 Kan. 738, 281 P. 2d 1109; *Place v. Falcon Seaboard Drilling Co.,* 186 Kan. 523, 527, 350 P. 2d 788.

This court has interpreted G. S. 1959 Supp., 44-556, covering appeals in Workmen's Compensation cases. In *Attebery v. Griffin Construction Co.,* 181 Kan. 450, 312 P. 2d 598, we said:

"Under the provisions of the Workmen's Compensation Act the district court has no authority to remand a case to the Commission for further proceedings . . ." (p. 461.)

More recently in *Fleming v. National Cash Register Co.,* 188 Kan. 571, 363 P. 2d 432, we held:

"The workmen's compensation act prescribes its own procedure for a judicial review of proceedings had before the compensation commission, and on appeal the district court has no jurisdiction to remand the cause to the compensation commissioner to admit further evidence theretofore rejected or ignored by the commissioner; nor is the court authorized to hear evidence supplementing the record shown by the transcript or to grant a trial *de novo.*" (Syl. ¶ 1.)

The insurance carrier concedes that this court has laid down the rule that district courts have no authority to remand a case to the Commissioner of Workmen's Compensation for further proceedings. It contends, however, that the district court did not err in remanding this case to the Workmen's Compensation Commissioner under the facts presented by the record to avoid a multiplicity of litigation. It insists that this case is more akin to the factual situation found in *Willis v. Skelly Oil Co.,* 135 Kan. 543, 11 P. 2d 980. The *Willis* case is not authority for remanding a case to the Workmen's Com-

pensation Commissioner. In that case the Commissioner limited the evidence presented to a single issue bearing on the question of the claimant having made the necessary demand required by statute, and refused to receive evidence on any other question. In the case at bar the Commissioner received all the evidence submitted and made findings on all of the issues. The opinion in the *Willis* case makes it crystal clear that under circumstances outlined in the preceding sentence a district court, on an appeal from a compensation award, has no power or authority to remand the case back to the Commissioner for further proceedings.

We next have for consideration the question of notice. The Workmen's Compensation Commissioner found "That the insurance carrier had notice of these proceedings." The district court found that "In the immediate case there is no record that the insurance carrier had notice of the hearing held on November 17th or of the hearing held on December 8, 1960, and was not present at that time." The claimants and the employer contend that the insurance carrier was notified of the pendency of the claim for compensation. The insurance carrier contends that there is no evidence that the insurance carrier had notice of the proceedings. Confronted with the conflicting findings on the matter as made by the Workmen's Compensation Commissioner and the district court, we must examine the record.

It should be noted that it is not within the province of this court to weigh evidence. However, the question of whether a judgment in a workmen's compensation case is supported by substantial, competent evidence is a question of law, as distinguished from a question of fact. (*Holler v. Dickey Clay Mfg. Co.*, 157 Kan. 355, 139 P. 2d 846; *Pinkston v. Rice Motor Co.*, 180 Kan. 295, 303 P. 2d 197.) There is no dispute as to the essential facts as to what took place in connection with notice to the insurance carrier. There being no dispute as to the essential facts, whether or not the record discloses notice to the insurance carrier of the hearing is clearly a question of law. (*Dorst v. City of Chanute*, 185 Kan. 593, 345 P. 2d 698.)

The only evidence of notice of the hearing to the insurance carrier must be found in the statement of the attorney for the employer that on October 13, 1960, he sent by U. S. Mail to the agent of the Exchange Casualty and Surety Company the letter, heretofore set out, informing him, pursuant to his telephone request, as to the date

the initial hearing was set, *i. e.,* November 10, 1960. As read, the letter was made a part of the record.

The insurance carrier makes no denial of the receipt of the letter but contends that the statement of counsel does not constitute proof of notice, and further that it was not given notice of the hearing set for November 17, 1960, and the hearing held on December 8, 1960. The claimants and the employer contend that the facts stated constitute notice to the insurance carrier and proof of such notice.

The claimants and the employer further contend that the insurance carrier is bound by the results of the hearing under G. S. 1959 Supp., 40-2212, even though it did not receive notice of such hearings. We will first consider this contention. A brief review of the applicable statutes is necessary.

The employer is required to secure compensation to his employees either by insurance or proof that he is financially able to carry his own risk. ( G. S. 1949, 44-532. )

Where the security is by way of insurance the form and contents of the insurance policy is covered by G. S. 1949, 44-559. Among other things, this section provides for an agreement which reads:

"Every policy of insurance against liability under this act shall be in accordance with the provisions of this act and shall be in a form approved by the commissioner of insurance. Such policy shall contain an agreement that the insurer accepts all of the provisions of this act, that the same may be enforced by any person entitled to any rights under this act as well as by the employer, that the insurer shall be a party to all agreements or proceedings under this act, and his appearance may be entered therein and jurisdiction over his person may be obtained as in this act provided, and such covenants shall be enforceable notwithstanding any default of the employer."

G. S. 1949, 44-534, provides that if compensation cannot be settled by agreement between the employer and the employee then

". . . either party may in writing apply to the commissioner for a determination of the compensation due or claimed to be due, . . . and the commissioner shall forthwith mail a certified copy of said application to the adverse party and proceed, upon due and reasonable notice to the parties which shall not be less than twenty (20) days, to hear all evidence in relation thereto and to make findings concerning the amount of compensation, if any, due to the employee."

It should be noted that the provisions of the statute just quoted recognize only the employer and employee insofar as notice is required.

All of the above mentioned sections of the statutes were enacted

in 1927. Later, and in 1951, G. S. 1959 Supp., 40-2212, was enacted. The first sentence of this section reads:

"Every policy issued by any insurance corporation, association or organization to assure the payment of compensation, under the workmen's compensation act, shall contain a clause providing that between any employer and the insurer, notice to and knowledge of the occurrence of injury or death on the part of the insured shall be notice and knowledge on the part of the insurer; *and jurisdiction of the insured shall be jurisdiction of the insurer and the insurer shall be bound by every agreement, adjudment, award, or judgment rendered against the insured.* . . ." (Emphasis supplied.)

This statute definitely provides that "jurisdiction of the insured (employer) is jurisdiction of the insurer." Jurisdiction over the person implies notice. Therefore, notice to the employer of the hearing is notice to the insurance carrier.

No decisions are cited dealing directly with implied notice and we have found none. However, there are decisions which go much farther and hold that the insurance carrier is bound by the judgment entered in the proceedings even though not made a party.

See, *e. g., Standard Surety & Cas. Co. v. Standard Acc. Ins. Co.,* 104 F. 2d 492, where the United States Circuit Court of Appeals, after reviewing pertinent provisions of the Kansas Workmen's Compensation Act including 44-559, supra, which was quoted in its opinion at length, said:

"... Therefore, in the proceedings brought by Susie Evans, the widow of Joe Evans, before the Commissioner of Workmen's Compensation, the appellant [insurance carrier] was as much a party as though expressly named therein, and was bound by the final judgment entered in those proceedings." (p. 495.)

. . . . . . . . . . . . .

"... The contention that the appellee's equity is insufficient to entitle it to subrogation because the appellant was deprived of its day in court in the compensation case, is without merit, since, by the appellant's own policy and under the law of Kansas, jurisdiction of its insured was jurisdiction of it, and there was nothing to prevent it from appearing in that case if it had seen fit to do so. . . ." (p. 497.)

See, also, *Ramsey v. Kramer Motors, Inc.,* 155 Neb. 584, 52 N. W. 2d 799. In that case, after giving consideration to sections of its statutes similar to those to which we have heretofore referred, the Supreme Court of Nebraska said:

"In a workmen's compensation case the insurance carrier is bound by a judgment against the insured whether the carrier is a party to the action or not." (Syl. ¶ 1.)

In the case at bar no one contends, in fact it is not even suggested,

that, as between the claimants and the employer, the record discloses anything wrong with the Commissioner's award in favor of claimants and against the employer. Faced by such a record the district court was required to approve such award and render judgment for claimants against the employer. Moreover, in the face of the same record, under our statutes and the decisions to which we have just referred, it was required to sustain the Commissioner's award against the insurance carrier and render judgment accordingly.

What has been heretofore stated and held makes it obvious it is neither necessary nor required that we give further consideration to, or here determine, questions raised by the parties respecting the propriety of the notice given to the insurance carrier of the hearing to be held by the Examiner on November 10, 1960.

One other question merits attention. The insurance carrier contends there was failure of proof of the existence of a valid policy of insurance at the time the accident occurred. The policy of insurance was introduced in evidence. It indicated the policy period from July 12, at 12:01 a. m., 1960, to July 12, 1961, at 12:01 a. m. This was the only evidence of the policy and other evidence, establishing that the accident resulting in the death of the workman occurred within that period of time was uncontroverted.

The district court on appeal could not indulge in assumptions affecting the validity of the policy and the insurance carrier could not for the first time inject the question of the validity of such instrument before that tribunal on appeal.

The claimants in this, or any other, workmen's compensation appeal should not be required to stand by while the employer and the insurance carrier settle their personal disputes with respect to such matters. See our recent decision in *Hobelman v. Krebs Construction Co.* (decided November 10, 1961), 188 Kan. 825, 366 P. 2d 270, where it is held:

"The primary purpose of the Workmen's Compensation Act is to expeditiously provide an award of compensation in favor of an injured employee against all persons who may be liable therefor. As to questions concerning the responsibility for payment under this general liability, the employee is not concerned. Such questions are to be resolved by a court in an independent action unless otherwise specifically provided by statute." (Syl. ¶ 5.)

The judgment of the district court is reversed with instructions to enter judgment in harmony with the award made by the Workmen's Compensation Commissioner.