No. 43,998

LELAND GISH, *Appellant*, v. WESTERN STAR MILLING COMPANY, Self-insurer, *Appellees*.

(396 P. 2d 857)

Opinion filed November 7, 1964.

George E. McCullough, of Topeka, argued the cause, and W. L. Parker, Jr., Robert B. Wareheim, Reginald LaBunker and John Carpenter, of Topeka, were with him on the briefs for appellant.

Frank C. Norton and Jerry E. Norton, of Salina, argued the cause, and Gary L. Dinges, of Salina, was with them on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is a workmen's compensation case. The examiner of the workmen's compensation director entered a "bench" award in favor of the claimant, and upon appeal the district court set aside the award and denied compensation to the claimant.

Pertinent facts as disclosed by the record are summarized: The claimant (appellant) was 61 years of age and had been employed by respondent (appellee) for sixteen and a half years. His job consisted of placing empty sacks on a tube from which feed passed into the sacks until they weighed 100 pounds. He then lifted the 100-pound sack and placed it on a scale. After it was weighed, the sack was sewed by machine and claimant lifted it onto a two-wheeled truck. When the truck was loaded the claimant wheeled the sacks of grain into a boxcar and stacked them in tiers. A tier consisted of 40 sacks; seven wide, four high, with twelve on top.

The twelve sacks on top had to be lifted above the claimant's head to a height of seven or seven and a half feet. He averaged sacking and loading 460 to 540 sacks of feed a day.

The claimant had a pre-existing coronary condition and had been under treatment by Dr. Snyder of Salina since 1952. He had mild pain in the past and thought it was pleurisy or problems with his lungs. He never had difficulty at work, and had worked since 1952 without incident except occasional attacks of what he thought was pleurisy.

Sometime in July, 1961, claimant became overheated and passed out, but he worked the following day without incident.

The claimant testified that when he went to work on September 5, 1961, he felt "par." He finished loading the lower portion of a boxcar and after putting two sacks on top of the tier, starting with the third sack, he got a severe pain in his chest and he testified that the pain felt "as though somebody reached in my chest and grabbed my lungs and shoved down and the pains ran down my arm." He reported to the foreman that he did not feel well. He went home and took medicine which had been prescribed by Dr. Snyder. He returned to work the following morning, September 6, 1961. He had no trouble until he lifted a sack onto a top tier when he experienced the same pain as the day before. He again reported to his foreman and he went to his home, very ill. His two sons drove him to Abilene to see Dr. Conklin who placed him under treatment and told him he could do no type of laboring work.

Within ten days claimant reported his heart condition to respondent, and he has not been able to work since September 6, 1961.

Dr. Snyder's testimony was taken by deposition prior to the hearing and he testified that ordinary exertion would not aggravate claimant's condition but that the heavy work of his job "could have aggravated his pre-existing condition. It is possible."

On March 22, 1962, the claim was tried before the examiner at Salina. As previously indicated, Dr. Snyder's deposition had been taken and was available at the hearing. When the hearing commenced, the claimant announced he would take all of his lay testimony for the record that day, but that he intended to take the deposition of Dr. Crary, of Topeka, who was a heart specialist, and this would constitute the claimant's case. The respondent announced that it would take the deposition of a heart specialist but

could not do so until after the hearing so its counsel could properly form a hypothetical question. In accordance with the announcement of both parties, the examiner set the terminal date of May 1, 1962, for the parties to finish taking their medical testimony before submitting the case. However, at the conclusion of the hearing, the examiner requested respondent to start paying the claimant temporary total compensation during the period the other medical depositions were to be taken. When the respondent refused to pay the claimant temporary total disability, the examiner closed the case without permitting the parties time to take the remaining medical testimony, and entered an award in favor of the claimant for temporary total compensation.

The respondent appealed to the district court where counsel made several arguments during the year 1962. After final briefs were submitted in November, 1962, the district court took the matter under advisement and did not make a decision on the claim until March 30, 1964, when it denied compensation.

Pending the appeal and its disposition by the district court, the claimant was paid weekly temporary total compensation until March 30, 1964, when the district court rendered its judgment.

The claimant contends the district court erred in concluding that the claim was fully heard by the examiner and argues that it should have set aside the attempted appeal and ordered the examiner to finish hearing the claim. We agree.

The district court did not have jurisdiction of the purported appeal because the hearing before the examiner was not complete and both parties were denied the right to present all the evidence in support of and against the validity of the claim for compensation. After agreeing that the lay testimony of the claimant would be taken on the date of the hearing and having the testimony of only one physician, the examiner, after fixing a terminal date of May 1, 1962, for the parties to complete their medical evidence and submit the case, closed the record when the respondent advised him that it would not pay temporary total compensation during the period fixed for taking the additional medical testimony and until the terminal date of May 1, 1962. In this state of the record, the hearing was unfinished and the respondent's attempted appeal was ineffectual, both parties being left in the midst of an unfinished hearing. A similar situation was presented in *Willis v. Skelly Oil Co.*, 135 Kan. 543, 11 P. 2d 980, and this court held that it was the

duty of the examiner to hear all the evidence of the parties before closing the record and entering an award. Syllabus 4 of that opinion reads:

"It is the duty of the compensation commissioner to hear all evidence in relation to the compensation due or claimed to be due and to make findings concerning the amount of compensation, if any, due to the employee, and when the commissioner has heard evidence only on the sufficiency of the demand for compensation and has failed or refused to hear evidence as to the disability of the claimant, the hearing is unfinished and an attempted appeal is ineffectual, all parties being left in the midst of an unfinished hearing."

In concluding that this appeal must be reversed for the reason that the attempted appeal from the ruling of the examiner was ineffectual, we do not wish to be understood as modifying or changing in any respect the rule of this court announced in its many decisions that on an appeal from a compensation award, the district court has no power or authority to remand the case to the workmen's compensation examiner for further evidence when the award has been entered by the examiner and/or director after the examiner has received all the evidence submitted and made findings on all of the issues. See *Attebery v. Griffin Construction Co.,* 181 Kan. 450, 461, 312 P. 2d 598; *Place v. Falcon Seaboard Drilling Co.,* 186 Kan. 523, 527, 350 P. 2d 788; *Fleming v. National Cash Register Co.,* 188 Kan. 571, 363 P. 2d 432, and *Landes v. Smith,* 189 Kan. 229, 233, 368 P. 2d 302.

In *Peschka v. Wilkinson Drilling Co.,* 192 Kan. 126, 386 P. 2d 509, the examiner set a terminal date for evidence to be submitted and after the terminal date expired without the respondent having taken further testimony on its behalf, entered an award in favor of the claimant. It was held that the examiner could fix a reasonable time as a terminal date in which the parties could submit their evidence and that under the circumstances there presented, the respondent could not be allowed to deny compensation to the workman simply by refusing to "rest" its case.

In the case at bar, both the claimant and respondent had additional medical testimony and it was agreed by the parties and by the examiner at the beginning of the hearing that the terminal date would be May 1, 1962. Before either party had finished their evidence and submitted the case, the examiner closed the record and entered an award in favor of the claimant which precluded the parties from completing their medical testimony. Under these cir-

cumstances we think the district court erred in concluding it had jurisdiction of the attempted appeal. The hearing before the examiner was unfinished and incomplete. The court should have directed the examiner to hear all the evidence and make findings on all the issues involved. The attempted appeal was not an effectual one. It has accomplished nothing for either of the parties. When the hearing of all the evidence is concluded and a ruling is made thereon the case will be subject to an appeal. (*Willis v. Skelly Oil Co.*, supra.)

The judgment of the district court is reversed and the attempted appeal from the ruling of the workmen's compensation examiner is set aside for the reason the hearing before the examiner was unfinished and incomplete.

It is so ordered.